176 WEST 87TH ST. CORPORATION, Respondent, v. FREDERICK FLEISCHMAN, Appellant.

(Supreme Court, Appellate Term, First Department, November Term — Filed December, 1921.)

Landlord and tenant — unjust rent — contracts — acceptance — lease held to take effect upon delivery to tenant by mail — rent laws apply.

Upon the trial of an action for rent, pleaded by the tenant to be unjust and unreasonable, it was undisputed that in March, 1920, the landlord, a corporation, informed defendant that if he desired to remain on the premises after October 1, 1920, when his lease would expire, he must immediately enter into a lease for a new term. *Held,* that a lease for a term beginning October first and signed by the tenant at the office of the landlord's agents on the thirtieth of March, was in effect merely an offer on the part of the tenant which became effective as a contract only when accepted.

An officer of the landlord signed the lease on March thirty-first and the letter in which it was mailed to defendant was delivered at his residence on April first and was received by him on his return from business at six-thirty of that evening. *Held,* that the lease took effect April 1, 1920, and the tenant being entitled to the protection of the rent laws enacted on that day, a denial of his motion to dismiss the complaint because of the landlord's failure to file a bill of particulars, was error for which the judgment entered in favor of plaintiff will be reversed and the complaint dismissed.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, entered in favor of the plaintiff.

Samuel Fleischman, for appellant.

Henry S. Mansfield, for respondent.

LEHMAN, J. The landlord brought an action to recover the agreed rental of premises hired by the defendant under a written lease which purports to be dated the 22d day of March, 1920. The defendant pleaded that the rent is unjust and unreasonable and that the alleged lease is oppressive. The trial justice, however, held that the lease was executed before April 1, 1920, and that the rent laws enacted on that day could, therefore, furnish the defendant with no protection. The undisputed evidence shows that in March, 1920, the landlord informed the defendant that if he desired to remain in the premises after the expiration of his lease on October 1, 1920, he would be required immediately to enter into a written lease for a new term. On March thirtieth after considerable discussion, the defendant went to the office of the landlord's brokers and agents and there signed a proposed lease for a term beginning October first. At that time the landlord had not signed the proposed lease and was, therefore, not bound by its terms. On March thirty-first an officer of the landlord signed the lease and it was sent by mail to the defendant. The letter was delivered at the defendant's residence on April first and received by him on his return from business at six-thirty of that evening. The appeal presents a single question of law, viz., at what time did the lease become effective? Both sides concede

in effect that when the lease was signed by the defendant it was not binding on the landlord and constituted. in effect merely an offer on his part which became effective as a contract only when the offer was accepted. The offer was not as a matter of law accepted until the landlord signed the contract and delivered it to the defendant or the defendant's agent. If the landlord was authorized by the defendant expressly or impliedly to return the contract to the defendant by mail then the post office department became the agent of the defendant to receive the acceptance and the contract was completed on March thirty-first when the letter was mailed. *Watson* v. *Russell,* 149 N. Y. 388; *Howard* v. *Daly,* 61 id. 362. On the other hand if the landlord chose of his own volition and without the authority from the defendant to notify the defendant of its acceptance of his offer by mail, then the post office department was the agent of the landlord and the contract did not become effective until the letter was delivered. *Crown P. I. Co.* v. *Ætna Insurance Co.,* 127 N. Y. 608. In the present case there is absolutely no evidence which would justify a finding that the defendant had authorized the landlord to return the contract to him by mail. The defendant went in person to the office. of the broker and there signed the contract. The offer of the defendant was, therefore, not made by mail. The agent's place of business is in the same city and borough as the defendant's residence and this residence was in a part of the building of the landlord. Under these circumstances it cannot be said that it was within the contemplation of the parties that according to the ordinary usages of mankind the post might be used as a means of communicating the acceptance.

It follows that the lease took effect only on the 1st

day of April, 1920, and the defendant, therefore, had a right to plead that the rent was unjust, unreasonable and oppressive and to move for the dismissal of the complaint because of the failure of the landlord to file a bill of particulars.

Judgment should, therefore, be reversed, with thirty dollars costs and the complaint dismissed, with costs.

WHITAKER and DELEHANTY, JJ., concur.

Judgment reversed.