GUIDE REALTY COMPANY, Respondent, *v.* NATHAN BLOOM, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1921, Term — Filed January, 1922.)

Landlord and tenant — New York city — emergency rent laws — date of delivery of lease governs — case at issue when bill of particulars filed — practice — motion for jury trial — right of tenant to bill of particulars and to jury trial when demanded in time.

Whether a lease comes within the scope of the emergency laws depends upon the date of the delivery of the instrument.

Where in an action for rent the answer pleads the statutory defense that the rent demanded is unjust and unreasonable the case is not deemed at issue until plaintiff has filed the statutory bill of particulars.

The defendant in a Municipal Court action for rent by inadvertence neglected to demand a jury trial within three

days after the service of the answer. By the service of an amended answer the date of the joinder of issue was changed. A motion to compel plaintiff to file and serve the statutory bill of particulars was denied on the theory that it was not required. After unsuccessful efforts on the part of defendant to obtain a jury trial judgment was rendered as the result of a trial by the court alone. Upon reversing the judgment and ordering a new trial, *held,* that defendant's demand for a jury trial was timely and his motion to direct the filing of the bill of particulars will be granted.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of the plaintiff, also from order of same court denying defendant's motion for a bill of particulars.

Benjamin I. Shiverts (Milton Elias Schattman and I. Maurice Wormser, of counsel), for appellant.

Winthrop & Stimson (John M. Bovey, of counsel), for respondent.

GUY, J.   The pleadings in this action stated the nature and substance of the cause of action and defense, the indorsement on the summons being " February and March 1921, rent of apartment B on the tenth floor of the premises 801 West End Avenue in the borough of Manhattan, City of New York, under written lease between parties hereto, dated March 16, 1920," and the tenant answering " general denial. Rent is unjust, unreasonable and oppressive," and subsequently filing, by leave of the court, a formal unverified answer setting up the Statute of Frauds in addition to what was contained in the original answer.

Within three days after service of the original answer the tenant, apparently by inadvertence, neglected to demand a jury trial, and after unsuccessful efforts to obtain a jury the case was finally called for trial and against his objection tried by the court

without a jury and judgment entered against him, defendant not offering any proofs. The tenant also moved that plaintiff be required to file and serve the statutory bill of particulars, but his application in that regard was denied apparently on the theory that the action was not one in which such a bill of particulars was required.

The action being for rent on a lease, and the defendant having set up the defense that the rent was unjust, unreasonable and oppressive he was entitled under chapter 136 of the Laws of 1920 to the statutory bill of particulars. Respondent claims that because in the statement of the cause of action the lease is said to be dated March 16, 1920 (two weeks before the statute referred to went into effect) defendant was not entitled to avail himself of the statutory defense, and accordingly the bill of particulars was properly denied. As far as the complaint is concerned the lease might or might not come within the scope of the emergency laws; whether it did or not depends upon the date of the delivery of the instrument (*Kramer* v. *Borgenicht,* 188 N. Y. Supp. 477; *176 W. 87 St. Corp.* v. *Fleischmann,* 117 Misc. Rep. 316), and as the statutory defense was interposed the case was one " Where the answer contains the defense mentioned in section one of this act " (Laws of 1920, chap. 136, § 2, as amd. by Laws of 1920, chap. 944), and plaintiff was, therefore, required to file the bill of particulars. Moreover, it is further provided by section 2 of the same statute (Laws of 1920, chap. 944) that " Issue shall not be deemed joined until the filing of such bill of particulars," and as under section 118, subdivision 1, of the Municipal Court Code " either party at the time of pleading or within three days after joinder of issue may demand a trial by jury," by reason of the plaintiff's refusal to file the bill, issue was never joined and

**44**

defendant's rights were unimpaired. If there be any doubt on this point, however, the service of an amended answer changed the date of joinder of issue, and his application for a jury was timely and should have been granted.

· Having seasonably demanded a jury trial and judgment having gone against him as the result of a trial by the court alone, upon the facts stated the judgment against defendant cannot be upheld.

Judgment and order reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event, and motion to direct plaintiff to file a bill of particulars granted.

Gavegan and Mullan, JJ., concur.

Ordered accordingly.