HOPE FITZGERALD, Plaintiff, *v.* ROBERT L. BOBRICK, Defendant.

Supreme Court, Trial Term, New York County, December 24, 1942.

*Grace Humiston* for plaintiff.

*Morris H. Schorr* for defendant.

EDER, J. The plaintiff served and filed a note of issue placing this cause on the calendar; the defendant moves to strike it from the calendar; the basic ground is that the original date of issue was broken by the service of a subsequent pleading. Issue was joined by the service of an answer on November 14, 1942; on November 16th, the plaintiff served a note of issue and a jury demand for the December term commencing December 7, 1942; no counterclaim was interposed, but separate affirmative defenses were pleaded to which service of a formal reply was unnecessary, as an allegation of new matter in the answer to which a reply is not required is deemed controverted (Civ. Pr. Act, § 243); a needless reply was served; it has no effect and may be treated as surplusage; in any event even if service of a formal reply was essential it would not affect the status of the cause.

Under the old practice, when a new pleading was served after original joinder of issue the old issue was broken and a new notice of trial and note of issue were required to be served and filed and resulted in much delay and in impeding the administration of justice. The evil was given careful study by the Judicial Council which recommended a drastic change in procedure to permit the filing of a note of issue at any time after issue was first joined, instead of after the time for making amendments as of course had elapsed, thereby materially decreasing the time for placing cases on the calendar. (See Judicial Council, Second Report [1936], p. 16.) The recommendation was approved and under the new and modern practice the delays which existed under the former practice are now a thing of the past.

Rule 150 of the Rules of Civil Practice now provides that at any time after issue is *first* joined or subsequent to forty days after service of a summons initiating the action shall have been completed, *irrespective of joinder of issue* and at least twelve days before the commencement of any term or the opening of an adjourned term, any party may file a note of issue with the clerk.

Hence, there is no longer any such practice as the breaking of the issue by reason of the service of a subsequent pleading after original joinder of issue in so far as the filing of a note of issue is concerned; and citation of cases governing the old practice is of no value.

In conclusion, attention is directed to *Taylor* v. *African Methodist Episcopal Church* (265 App. Div. 858) to the effect that the inclusion of legal argument and citation of authorities in an affidavit is a procedure regarded as improper and condemned.

The motion is wanting in merit and is denied.