A. David Benjamin, J.
Application by defendant for reargnment of a motion to resettle an order of this court dated April 11, 1958.
Plaintiff argues that there is presently no action pending between the parties hereto; that as a matter of right, by notice dated April 7, 1958, it voluntarily discontinued this cause pursuant to rule 301 (subd. 1, par. [a]) of the Rules of Civil Practice before service of an answer by the defendant.
In the instant action an answer was interposed to the original complaint. Thereafter plaintiff served an amended complaint which this defendant moved to dismiss under rule 106 of the Rules of Civil Practice for legal .insufficiency and under rule 107 on the ground that plaintiff has not legal capacity to sue. By decision dated April 2, 1958 this court denied that portion of the motion brought under rule 106 of the Rules of Civil Practice and held in abeyance a decision on the other part of the motion made under rule 107 pending the hearing by an Official Referee of the disputed issues of fact raised by that motion and the report to be made thereon to this court. It is that order of referral which defendant seeks to resettle and for reasons not germane to this issue.
Plaintiff urges that having served an amended complaint the issues raised by the original pleadings are destroyed (Pelzer v. Perry, 203 App. Div. 58), the answer interposed to the original complaint is a nullity (Kelly v. Hilbert, 200 App. Div. 489), that an answer is required to the amended complaint (Rules Civ. Prae., rule 101) and that before such answer is served it may avail itself of rule 301 (subd. 3, par. [a]) and voluntarily discontinue this action.
Such contention is without merit. The pertinent subdivision of rule 301 expressly provides that an action may be discontinued without an order only before an answer is served (italics supplied). An answer had been served to the original complaint. Subdivision 1 (par. a) of rule 301 was thereafter unavailable to plaintiff. True it is that while the original complaint was superseded as a pleading, nevertheless a stage in the action had been reached after issue was joined by the service of the original answer which prevented plaintiff from discontinuing as of right.
By the service of the original answer rights accrued to this defendant and the action stood at issue. Had the defendant so desired he could have noticed this case for trial (Civ. Prac. *113 Act, § 433), nor would the service of an amended complaint have broken the issue as far as filing a note of issue is concerned (Fitzgerald v. Bobrick, 179 Misc. 263).
Defendant herein has been put to the expense of preparing and serving an answer to the original complaint and of moving with regard to the amended complaint. Eule 301 (subd. 1, par. [a]) may not be used as a technical stratagem to harass and vex this defendant nor to prejudice him.
In recommending the adoption of rule 301 the New York Judicial Council in its Nineteenth Annual Report said (pp. 205-206): “Subdivision 1(a) of recommended new Rule 301 of the Rules of Civil Practice permits a discontinuance as of right before answer without an order * * * In all other cases the plaintiff will not have an absolute right but must obtain an order which may contain terms and conditions to protect the interest of the adverse party. * * * Under the present law the plaintiff generally has an absolute right to discontinue upon the payment of statutory costs. The exercise of this right, while subject to some exceptions has led to abuses, which, up to now, the courts have been powerless to prevent.”
And in the middle of page 206 the report continues: “ The power given to the court to impose terms and conditions will enable the court to prevent an unjust discontinuance or at least to ameliorate the effect of such action on the part of the plaintiff.”
Motion for reargument is granted and upon such reargument the motion is granted. Submit resettled order on notice.