Charles Margett, J.
On or about August 7, 1960 the first of the above actions was commenced to recover $2,000,000 on a complaint, the first cause of which appears to be in conspiracy, the second for breach of a certain basic agreement dated October 3, 1958, and the third for fraud in the inducement of said agreement. On or about August 17,1960 the same plaintiffs instituted an action to reform said basic agreement, to rescind it on various grounds and for injunctive relief. On or about August 26, 1960 the attorney of record for the plaintiffs in the first two of the above actions instituted an action to enforce an alleged attorney’s lien on the 200 issued shares of stock of Fun Fair Park, Inc., one of the plaintiffs in two of the above actions.
The defendants in the first of the above actions then moved, under subdivision 4 of rule 107 of the Rules of Civil Practice, to dismiss the three causes of action alleged in the complaint upon the ground that there existed final judgments of courts of competent jurisdiction, rendered on the merits, determining the same causes between the same parties, to wit, a judgment rendered in the Supreme Court, New York County, in a consolidation of two actions, which was affirmed by the Appellate Division, First Department, and another judgment of this court dated and entered May 26, 1960; and, under subdivision 6 of rule 107 of the Rules of Civil Practice, on the ground that each of the claims or demands set forth in the complaint had been released and, in the alternative, to dismiss each of the three causes of action on the ground that each failed to set forth facts sufficient to constitute a cause of action.
The defendants in the second of the above actions moved, pursuant to subdivision 4 of rule 107 of the Rules of Civil Practice, to dismiss the four causes of action alleged in the complaint upon the ground that each is barred by the judgment in the New York County consolidated action, as affirmed by the Appellate Division, First Department, and by an existing final order, rendered on the merits, by the Municipal Court of the City of New York, Borough of Queens, Sixth District, in a summary dispossess proceeding, as affirmed by the Appellate Term of the Supreme Court, Second Department, in the form of reversals of an order of said Municipal Court dismissing the landlord’s petition and of another order vacating said final order, and for judgment, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, dismissing each of the four causes of action set *910 forth in the complaint on the ground that each failed to set forth facts sufficient to constitute a cause of action.
. The defendants in the third of the above actions moved to dismiss the complaint therein on the basis of the judgment in the New York County consolidated action, as affirmed by the Appellate Division.
The foregoing three motions came on to be heard in the motion part of this court on September 8,1960, at which time the plaintiff in the third of the above actions, William E. Klein, Esq., appearing as attorney pro se therein and as attorney for the plaintiffs in the other two actions, applied orally to have these motions referred to Mr. Justice Benjamin, to whom the issues in certain other litigation pending last Spring were referred by stipulation of the parties. This application was denied and upon Mr. Klein’s plea for further time in which to serve and file answering papers to the defendants’ motions, he was granted until September 12, 1960, in which to do so. Upon subsequent applications his time to do so was extended to September 20, 1960, and finally to September 27, 1960. No such opposing papers were ever served or filed.
Instead, by an order to show cause dated September 20, 1960, bearing the caption of the second of the above-entitled actions, and by notices dated the same date in the other two actions incorporating said order to show cause and the papers upon which it was issued, all returnable on September 23, 1960, Mr. Klein moved, on behalf of the plaintiffs in the three actions, to be relieved of the foregoing rulings of this court made on September 8, 1960. The Justice presiding in the Motion Term referred these motions to this court.
By letter dated October 3, 1960, copies of which were sent to the defendants’ attorneys, Mr. Klein advised the court that “ pursuant to instructions of clients, Notices of Discontinuance of the three actions * * * as to which you have three motions to dismiss, before any Answer has been served, have been duly served and filed with proof of service in the Clerk’s office. Accordingly, our Order to show cause, awaiting further submission, falls, and Your Honor, may deem it withdrawn.”
The notices of discontinuance in each action, dated September 30, 1960, were filed with the Clerk on October 3, 1960. The defendants, however, have submitted affidavits in opposition to the motions of the plaintiffs, returnable on September 23, 1960, for the reconsideration of the oral rulings made by this court on September 8, 1960. They therein urge with much force that since Mr. Klein as attorney for the plaintiffs in these actions has neither served nor filed answering affidavits to the motions *911 to dismiss the complaints, upon the basis of res judicata, although his time for so doing expired on September 27, 1960, the plaintiffs are in default; that they could not discontinue their actions merely by subsequently filing a notice of discontinuance, motions having been previously submitted to dismiss the complaints upon the facts, to wit, that there are existing final judgments of courts of competent jurisdiction, rendered on the merits, determining the same causes of action between the parties ; that in any event, it would be unjust, inequitable and contrary both to the letter and spirit of rule 301 of the Rules of Civil Practice to permit the plaintiffs to discontinue these actions after a final submission by the defendants of their motions, involving considerable expenditure of money, time and effort in connection therewith.
It is true that rule 301 should not be pei’mitted to be used, in the words of Mr. Justice Bbujamiu, “as a 'technical stratagem to harrass and vex ” the defendant “nor to prejudice him.” (Ardell Marine Corp. v. Duchinsky, 13 Misc 2d 111, 113.) In that case, however, the plaintiff served an amended complaint following the service of the answer to the original, whereupon the defendant moved to dismiss the amended complaint (a) for legal insufficiency and (b) on the ground that the plaintiff did not have legal capacity to sue. The court denied the first branch of the motion but held in abeyance its decision on the second branch pending a hearing and report by an Official Referee on the disputed issues of fact raised therein. Upon reargument plaintiff urged that because an answer is required to be served to an amended complaint, plaintiff could discontinue the action as of right before the service of such answer, without an order, by the service and filing of a notice to such effect, as provided in subdivision 1 (par. [a]) of rule 301 of the Rules of Civil Practice. That contention was overruled with the observation by the court at page 112, that ‘ ‘ True it is that while the original complaint was superseded as a pleading, nevertheless a stage in the action had been reached after issue was joined by the service of the original answer which prevented plaintiff from discontinuing as of right.”
This court is of the opinion that the actions here involved had not reached the stage prior to the service and filing of the notices of discontinuance, which prevented the plaintiffs from discontinuing their actions as of right pursuant to subdivision 1 (par. [a]) of rule 301, since no answer to the complaint in each action had ever been interposed by the defendants; that the final submission of motions to dismiss the complaints, upon the grounds specified in subdivisions 4 and 6 of rule 107 of the Rules *912 of Civil Practice, does not fall within the ambit of subdivision 4 of rule 301, which provides that “ A discontinuance may not be granted after the cause has been submitted to the court or jury to determine the facts except upon the stipulation of all parties.” In recommending the adoption of rule 301, the New York Judicial Council in its Nineteenth Annual Report (1953) stated, at page 206: ‘ ‘ In subdivision 4 the prohibition against discontinuance after the jury has retired contained in section 457 of the Civil Practice Act is broadened to forbid a discontinuance after a submission of the facts to a court, where the court without a jury is to determine the facts.”
Prejudiced though the defendants may be by plaintiffs’ voluntary notices of discontinuance in the instant case, after they had defaulted in the service of answering affidavits to the defendants’ motions, there is no provision in present rule 301 governing such a situation, and this court has no authority to enlarge upon a rule of Civil Practice promulgated by a majority of the Justices in the Appellate Division of the four Departments pursuant to the provisions of section 83 of the Judiciary Law.
It follows that all motions pending before this court were rendered academic by the service and filing of the notices of discontinuance above referred to.