J. Daniel Fink, J.
Plaintiffs, attorneys and counsellors at law, commenced this action to recover the sum of $2,500 for professional services rendered to the defendants.
Issue was joined on June 14,1960 by service of the defendants’ answer. Thereafter, on July 28,1960, plaintiffs served a notice of trial for August 8, 1960, together with a notice of motion for a preference under rule X of the rules of this court. This application was granted upon consent, and the cause set down for trial on the nonjury calendar, neither side having demanded a trial by jury.
Thereafter, the trial was adjourned, following which the defendants filed an amended answer and at the same time filed a demand for a trial by jury.
The plaintiffs, now move pursuant to section 118 of the Municipal Court Code of the City of New York for an order striking the defendants’ demand for a jury trial, on the ground *84 that such demand being untimely, a jury trial has been waived.
The defendants oppose such application, urging that the service of an amended answer changed the date of joinder of issue, thus extending the time to file a jury demand.
Prior to 1954 section 118 of the Municipal Court Code provided, insofar as is here applicable:
‘ ‘ 1. Either party at the time of pleading or within three days after joinder of issue may demand a trial by jury. * * *
“ 2. Unless a demand is made and the jury fee paid as above provided, a jury trial is waived”. (Emphasis supplied.)
By enactment of chapter 442 of the Laws of 1954, subdivision 1 of the section was amended so that it now reads: “ 1. Either party after joinder of issue may demand a trial by jury. The demand must be made in writing and filed with the clerk within three days after the service of the notice of trial ”. (Emphasis supplied.)
The legislative mandate is clear and unmistakable. The purpose of the amendatory legislation was both to limit and extend the time to file a demand for a jury trial from three days after joinder of issue up to and including the third day after the service of the notice of trial.
The defendants rely heavily upon the holding in Guide Realty Co. v. Bloom (117 Misc. 687) where it was held that the defendant in a Municipal Court action for rent, having by inadvertence neglected to demand a jury within three days after the service of the original answer, was nevertheless entitled to demand a trial by jury after service of an amended answer by leave of the court, on the- theory that the service of such amended answer changed the date of joinder of issue.
The decision is not presently applicable, having been decided in 1921, under the old practice. There is no longer any such practice as the breaking of the issue by reason of the service of a subsequent pleading after the original joinder of issue. (See Second Annual Report of N. Y. Judicial Council, 1936, p. 16 ; cf. N. Y. City Mun. Ct. Code, § 15 ; Rules Civ. Prac., rule 150 ; Fitzgerald v. Bobrick, 179 Misc. 263.)
No matter how liberally the amended section is construed or how zealously the right to a jury trial is safeguarded, to apply the ruling in Guide (supra) to the facts here present, would, in effect, serve to repeal legislative enactment by judicial fiat. The courts may interpret but not legislate.
While it is true that under subdivision 2 of section 118 of the Municipal Court Code, the court may, in its discretion at any time before or during the trial, direct that a trial be had by jury, the posture of fhe present application does not permit such *85 exercise of discretion. There is no evidentiary recital in the opposing affidavit upon which the court may grant such relief.
The holding in Hanfling v. Silver Refrig. Mfg. Corp. (136 N. Y. S. 2d 761) relied upon by the defendants, is in accord with this court’s opinion.
Accordingly, the plaintiffs’ application is granted. The jury demand is struck, and the Clerk is directed to remove the cause from the jury calendar.