The claim that it was the duty of the defendant to furnish a derrick is based on the testimony to the effect that it was the general custom in building to erect a derrick before the steel was brought to the building site, and to use the derrick in unloading; but the evidence also shows that all contractors on occasions unloaded without a derrick. It is manifest that derricks are used, for the reason that thereby the beams may be swung or hoisted to a place where they are accessible, and this results in a saving of both labor and time. There is nothing inherently dangerous in rolling beams off the bolster; and ordinarily the men could easily avoid injury from that manner of doing the work. The negligence with which the defendant is charged on account of the conduct of the foreman is predicated on a direction which he gave to the men, whom they appeared to be in a position to move the beam from the bolster, to "shove" or to "roll it." He had a right to assume that the men, who were familiar with the work, would so perform it that the beam would leave both bolsters at the same time, and that they would be on their guard to avoid being injured, should that not be done. We are therefore of opinion that a cause of action was not shown, and that the court erred in denying the defendant's motion to dismiss the complaint.

It follows that the judgment and order should be reversed, and the motion to set aside the verdict granted, and the complaint dismissed, with costs. All concur.

---

(169 App. Div. 553)

### LEIGHTON v. NEW YORK RYS. CO. et al.   (No. 7728.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

DISCOVERY ⬅31—EXAMINATION BEFORE TRIAL—CONDITION OF CAUSE.

Under Code Civ. Proc. § 448, providing that where a question is one of common or general interest of many persons, or where the persons who might be made parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all, and section 452, providing that where a person not a party to the action has an interest in the subject thereof and makes application to the court to be a party, it must direct him to be brought in by proper amendment, where, in an action by one of numerous holders of railway bonds on behalf of all bondholders similarly situated, another bondholder was, on his petition, made a party plaintiff, and it was ordered that his name be inserted in the title of the action as one of the plaintiffs in the summons and complaint, and that his name so appear in all further proceedings, the subsequent discontinuance of the action as to the original plaintiff was of no consequence to the legal situation, and notwithstanding such discontinuance the case was still at issue, and it was error to vacate an order for the examination of defendants before trial on the ground that the complaint of the original plaintiff had ceased to exist, and that there were therefore no issues.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 45; Dec. Dig. ⬅31.]

Appeal from Special Term, New York County.

Action by George B. Leighton against the New York Railways Company and others. From an order granting a motion of the defendant Edwin S. Marston to vacate an order obtained by plaintiff for the

examination before trial of all the defendants, except the Farmers' Loan & Trust Company, plaintiff appeals. Reversed, and order reinstated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Burt D. Whedon and S. Sidney Smith, both of New York City, for appellant.

George S. Mittendorf, Frederick Geller, and Geller, Rolston & Horon, all of New York City, for respondents.

CLARKE, J. This is a representative action, originally brought by the New York Life Insurance Company, as plaintiff, suing in its own behalf, as well as in behalf of all other similarly situated holders of income mortgage bonds of the defendant New York Railways Company. By the terms of said bonds the New York Railways Company covenanted to pay interest thereon at the rate of 5 per cent. per annum, if and to the extent that the net income of said Railways Company, as defined and provided to be ascertained and determined in the mortgage securing said bonds, should suffice for said payment. Such interest by the terms of said mortgage is not cumulative, so that, if the net income, when ascertained in accordance with the provisions of the mortgage, is less than 5 per cent. in any given year, the deficit in interest is lost to the holders of said bonds.

The complaint alleges that New York Life Insurance Company acquired $1,000,000 of said bonds on January 1, 1912, and that for the year 1912 New York Railways Company paid only about 3 per cent. interest on said bonds, and for the year 1913 said defendant paid only about 4 per cent. interest on said bonds; that said defendant earned in these years sufficient net income to pay interest on said bonds in full at the rate of 5 per cent. per annum, but that said defendant has wrongfully neglected and refused to pay this deficiency in interest, and has improperly diverted and retained portions of its net earnings which were applicable to the payment of interest on these bonds, in violation of the terms of the mortgage. The complaint demands an accounting by said defendant of its income for the years 1912 and 1913, and that defendant be compelled to pay the amount of its net earnings, which shall be found to be applicable to the payment of interest on said bonds, over and above the amount already paid into the hands of a receiver, to be disposed of under the direction of the court for the benefit of the plaintiff and the other bondholders.

It further alleges that the mortgage securing said bonds provided that until the company pays the full 5 per cent. interest for three successive years there shall be elected by the bondholders one less than a majority of the board of directors of said company, and that an approval by three-fourths of the said so-called bondholder directors of the statements of income prepared by said New York Railways Company and filed with the trustee of the mortgage shall be binding and conclusive upon the bondholders. The defendants Hemphill, Marston, and Tripp were bondholder directors of the company for the year 1912, and the defendants Hemphill, Marston, Tripp, and Bron-

ner were bondholder directors for the year 1913, and as such approved the statements of net income of the Railways Company for the said years which were filed with the trustee. The complaint alleges that said approvals were carelessly, negligently, and improperly given, and asks that said approvals be set aside and declared void; that plaintiff and the holders of bonds aggregating upwards of $6,000,000 have requested the defendant Farmers' Loan & Trust Company, trustee under said mortgage, to commence action against the Railways Company for an accounting of all its net income during the said years, and that said trustee has refused and neglected to comply with said request.

On March 10, 1915, the present plaintiff, George B. Leighton, a holder and owner of said income bonds exceeding in par value the sum of $100,000, having been advised that the New York Life Insurance Company intended to dismiss its action unless some other bondholders intervened and became parties plaintiff, made a motion for leave to come in and be joined as party plaintiff. All parties were served with notice of said motion, and, no opposition having been made, an order was entered on March 16, 1915, granting the prayer of said petition, and directing George B. Leighton be made a party plaintiff in this action, and that his name be inserted in the title as one of the plaintiffs therein in the summons and complaint, and that his name so appear in all further proceedings in this action. Subsequently, on March 30, 1915, upon a stipulation signed by the attorneys for all parties, an order was entered directing that this action be discontinued as to the New York Life Insurance Company, and that the name of said plaintiff be stricken from the title and all proceedings pending herein. Prior to obtaining said order on December 3, 1914, the then plaintiff, New York Life Insurance Company, obtained an order for the examination of the defendants before trial, but no examination was held thereunder. Upon an affidavit sworn to by the plaintiff Leighton a new order for the examination of all the defendants, except the Farmers' Loan & Trust Company, before trial was obtained on July 30, 1915. This order was duly served, and before the date set for examination defendant Marston moved to vacate said order on the ground that when the order of March 30, 1915, discontinuing this action as to the New York Life Insurance Company, was entered, "the complaint of New York Life Insurance Company ceased to exist, and there is therefore now no complaint, and there can be therefore no issues." Upon this ground the Special Term vacated the said order, with leave of plaintiff to renew his application for a similar order after he had served his complaint.

Section 448 of the Code of Civil Procedure provides:

" * * * And where the question is one of a common or general interest of many persons, or where the persons, who might be made parties, are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

Section 452 provides:

"The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving

their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person, not a party to the action, has an interest in the subject thereof, * * * and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

The complaint alleges that the holders of said bonds are very numerous, and the owners of many are to the plaintiff unknown, and it is therefore impracticable to bring such owners in by name as parties. Thus the New York Life Insurance Company, acting under this section of the Code, brought suit in its own name, for the benefit of itself and all similarly situated. The action was therefore the action of all the bondholders. In Brinckerhoff v. Bostwick, 99 N. Y. 194, 1 N. E. 668, in speaking of a representative action, the court said:

"The action is really the action of all the stockholders, as it was necessarily commenced in·their behalf and for their benefit."

In Weed v. First National Bank, 117 App. Div. 340, 101 N. Y. Supp. 1045, the court said:

"The status as a coplaintiff of the respondent Steenberg having been judicially fixed with the practical consent of the original plaintiff, such intervening plaintiff is now entitled to the same rights, privileges, and consideration to which she would be entitled, had she jointly with the plaintiff Weed originally instituted the action with his consent and co-operation."

In the case at bar the court, under section 452, authorized the plaintiff Leighton to intervene, and directed his name be entered on the title of the summons and complaint and of all subsequent proceedings. It thereby became his complaint as a party plaintiff to the action. The fact that after this substitution the New York Life Insurance Company, the former plaintiff, dropped out, is of no consequence to the legal situation, because, being a representative action, it was continued by one representative of all the bondholders, instead of that one which instituted the proceedings. Nor is there any possible harm that can come to the defendants. If there be any matter of special defense available against Leighton, which was not available as against the New York Life Insurance Company, such matter could have been set up by a supplemental answer. The case is at issue, and the order for examination before trial was properly granted.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the original order for examination reinstated. All concur.