HENRY TREIBER, Plaintiff, v. ARTHUR F. MOURIOCOURT, Defendant.

City Court of Albany, April 29, 1932.

*Leonard Cohen*, for the plaintiff.

*Thomas A. Allen*, for the defendant.

BERGAN, J. Plaintiff applied for and obtained a warrant of attachment pursuant to sections 73 and 74 of the Albany City Court Act. It appears from the testimony that a marshal of this court, in executing the warrant, entered upon the premises owned by the plaintiff and occupied by the defendant as a tenant and in which certain personal property of the defendant was located. The marshal not only took possession of the personal property but appears to have locked the premises in such manner as to exclude the defendant therefrom.

Section 77 of the Albany City Court Act provides that the marshal must levy upon so much of the property of the defendant as will satisfy the plaintiff's demand, with costs and expenses, and " must safely keep the same to be disposed of as prescribed in this title * * *." The requirement that the property seized be safely kept by the marshal does not expressly or by implication confer upon the marshal or a sheriff the right to exclude the tenant from entering the demised premises, except possibly for a short period necessary to safeguard the property until the marshal could remove it from the premises. This has been frequently held, and in *Grey* v. *Sheridan Electric Light Co.* (19 Abb. N. C. 152) it was held that the exclusion of a tenant from his demised premises upon the seizure of personal property was clearly an act in excess of the sheriff's authority.

It is well-settled law in this State that where a sheriff or a marshal acts in obedience to the mandate of the court he is not personally responsible, nor is the party at whose instance the mandate was issued responsible for his acts. If the sheriff or marshal exceeds his authority upon his own instance and not upon the direction of a party, he is not responsible for such acts in excess of his official authority. (See *Bowie* v. *Brahe*, 2 Abb. Pr. 161.) But it has frequently been held that where, at the express direction of a party, a sheriff exceeds his authority he becomes the agent of the party to the extent to which he exceeds his authority and that the party is liable as the principal.

It does not appear from the record in this case whether the marshal's act in closing and locking the premises was at the specific instance of the plaintiff and the court will hear any further testimony that the defendant may offer with reference to this question at nine-thirty o'clock, May 2, 1932.