In the Matter of ROBERT STEEN, Respondent, against THE COUNTY OF NASSAU et al., Appellants.—

No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ. [179 Misc. 821.]

CHARLES H. TAYLOR, Member of the New York Annual Conference of the African Methodist Episcopal Church, Respondent, v. THE AFRICAN METHODIST EPISCOPAL CHURCH et al., Appellants.—

This action is representative and not derivative. It may be maintained under section 195 of the Civil Practice Act. (*Tyndall* v. *Pinelawn Cemetery*, 198 N. Y. 217, 220; *Leighton* v. *New York Railways Co.*, 169 App. Div. 553, 555; *Kovarsky* v. *Brooklyn Union Gas Co.*, 279 N. Y. 304, 314.) The complaint, which is the only document properly considered upon a motion testing its sufficiency, states a cause of action for an accounting in equity. The practice of embodying argument on the facts and law in an affidavit, including the citation of authorities, is improper and is disapproved. Hagarty, Johnston, Adel, Taylor and Close, JJ., concur.

In the Matter of BERNICE YOUNG, Respondent, against J. WELLINGTON ROE, Appellant.—

The mother is presumptively entitled to custody by force of the decree of a sister state making such award. The New York court, however, is not without power to make a different award if intervening and current circumstances have changed. (*Ansorge* v. *Armour*, 267 N. Y. 492; Restatement, Conflict of Laws, §§ 147, 148, and New York Annotations.) The evidence requires a finding that the welfare of the child will be better promoted under the custody of the father. It does not appear that the mother has a permanent home or a firm source of income. There appears to be a suitable degree of domestic and financial security available to the child under the custody of the appellant. The relative virtues and faults of the parents are required to yield to the necessity of choosing the course of probable best welfare for the child. Because of the separate residences of the parents in different states, provisions for divided custody or visitation is not made at this time. This decision is without prejudice to the making of an application for such relief if it becomes practicable. Hagarty, Johnston, Adel, Taylor and Close, JJ., concur.