Benjamin Brenner, J.
This is a wife’s action for a decree of separation based on cruelty and nonsupport, in which the husband asserts affirmative defenses of cruelty on the part of his wife and asks that she be directed to return his furnishings.
While I do not credit the wife’s claims of physical assault, I am satisfied that her husband insulted her in public and paid attention to and caressed other women. But I also find on the evidence that the wife declined to accompany the husband soci *923 ally, refused to assist him in his business as she promised and finally deserted him.
This is a third marriage for each of the parties. The husband had been married to two sisters, with each of whom he lived about 15 years. The wife had been married and then, following a divorce, remarried a previous husband. The parties to this suit had known each other only seven days prior to their present marriage and I am persuaded that one of its inducements was the wife’s desire to terminate her then employment and the husband’s desire that she help him in his business. The cruelty here perpetrated was essentially of the mental type, founded on a course of mutual misconduct and retaliation, culminating in the wife’s refusal to assist her husband after he had spent several thousands of dollars to erect and furnish an office for that purpose. There is no proof, however, that she became ill as a result of such mental cruelty. Indeed, she testified that work generally made her ill and for that reason she did not return to work after marriage. In the absence of evidence of illness there is a failure of proof of a cause based on cruelty (Traylor v. Traylor, 3 A D 2d 727 ; Pearson v. Pearson, 230 N. Y. 141).
It strikes me that this defendant does, in his own way, love his wife, as he several times professed during the course of trial. Yet, though he showered her with expensive gifts, his treatment of her was not at all consonant with such professed love. On the other hand, she herself did not altogether behave like the bird in the gilded cage. Though she acted out the role of the bird, she flew from both the cage and its keeper. True, they quarreled frequently, rejected each other’s company socially and engaged in spiteful actions, but incompatibility of temper does not furnish grounds for a decree (Smith v. Smith, 273 N. Y. 380).
The plaintiff is therefore not entitled to a decree of separation based upon cruelty for the defendant has established his defense of misconduct on the wife’s part under section 1163 of the Civil Practice Act. As to the claim of nonsupport, it must be noted that on the wife’s own testimony, support ceased after she had removed herself and the furnishings in January of 1961 following a prior secret arrangement so to do.
The husband’s demand for the return of the furnishings has not been properly pleaded, nor has his sole ownership been proved. In the circumstances, his demand that the return of the furnishings be directed is denied without prejudice to a plenary suit therefor. (Plohn v. Plohn, 206 Misc. 969. mod. 1 A D 2d 824.)