Robert W. Basoom, J.
This is an action for divorce, instituted September 27, 1967 by a husband against his wife, which *517 is undefended by the latter. It is based on the alleged cruel and inhujnan treatment of the plaintiff by the defendant, such that the latter’s conduct so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with defendant (Domestic Relations Law, § 170). The parties intermarried in January, 1960, in Connecticut, and have since then resided in this State. The issue of the marriage are three children aged seven, five and three, who are presently residing with the plaintiff husband, a disabled war veteran, by virtue of a separation agreement entered into by the parties on the day the action was commenced.
To support the allegation of cruel and inhuman treatment endangering plaintiff and rendering cohabitation with his wife unsafe or improper, there is only the testimony of plaintiff himself that his wife left his home on August 31, 1967, has not returned, that for some unspecified time prior to the last-mentioned date she was drinking almost every day, was staying .out late hours and not coming home for days at a time, was abusive to him and the children, and did not perform her household tasks. This, he says, resulted in his being very nervous, tense, losing sleep, a general decline in his health and, in his opinion, a continuation of the marriage would be unsafe and unhealthy for him. The defendant’s sister testified that defendant drinks heavily almost every day; that she had seen her intoxicated and had observed that she did not 11 provide ” the usual household duties of a wife and mother. In her opinion defendant’s conduct caused plaintiff to be tense and nervous and not to sleep too well, although she characterized him as very nervous generally and her conclusion as to his lack of peaceful slumber was based on his statement to her to that effect.
Such evidence falls far short of the standard required to invoke the aid of the statute allowing a divorce on the grounds here alleged. The conduct contemplated by the statute is that which affects the safety and propriety of cohabitation (Donohue v. Donohue, 180 App. Div. 561). Cruelty, in its meaning, contains the atmosphere of wantonness, of intent to inflict suffering with deliberateness (Serota v. Serota, 20 Misc 2d 184). It may not be necessary to show actual physical violence to establish legal cruelty, but, if not, there must be either a reasonable apprehension of such violence (Kennedy v. Kennedy, 73 N. Y. 369) or conduct of such character as seriously affects the health of a spouse and threatens permanently to impair it (Avdoyan v. Avdoyan, 265 App. Div. 763). An intoxicated and lazy wife may be a liability to her husband, but such shortcomings do *518 not ipso facto make her cruel or inhuman. Unfortunately, such characteristics are often only too human. The innocent spouse may continue indefinitely to suffer misery and unhappiness, but that is a risk he assumed when the marriage took place.
The plaintiff’s testimony that as a result of his wife’s acts he suffered loss of sleep, a general declination of health, nervousness and tension, unsupported by any competent medical evidence to that effect, falls far short of the proof required in a cause based on cruelty (Traylor v. Traylor, 3 A D 2d 727; Rosenberg v. Rosenberg, 28 Misc 2d 922). The marriage contract is still the most sacred one which can be made (Lazarczyk v. Lazarczyk, 122 Misc. 536, 538). Although our laws relating to divorce have lately been liberalized, one may still not be obtained for the mere asking. I find that the plaintiff has not sustained the allegations of the complaint that would warrant a decree of divorce. The complaint is dismissed on the merits.