In the Matter of ARNOLD G. FRAIMAN, as Commissioner of Investigation of the City of New York, Petitioner, *v.* RUDOLPH M. MANCUSO, as a Marshal of the City of New York, Respondent.

First and Second Departments, May 20, 1968.

*Arnold Guy Fraiman,* in person (*Stoddard D. Platt, Patrick W. McGinley, William Rubin* and *Douglas Field Eaton* of counsel), for petitioner.

*Gino Franceschini* (*Emanuel Growman* of counsel), for respondent.

*Per Curiam.* Petitioner, the Commissioner of Investigation of the City of New York, moves to confirm the report of the Referee insofar as it sustains the charges of official misconduct numbered 1, 2, 3, 4, 5, 7(a) and 7(c)(ii); to disaffirm the Referee's findings in respect of charges 5, 6 and 7(a) insofar as the Referee found that respondent Marshal was not under a statutory obligation to maintain records of his official acts during the period of his employment by his brother, also a Marshal, and was not responsible for overcharges by his brother during such period of employment; and to remove respondent for cause pursuant to section 1610 of the New York City Civil Court Act. Petitioner does not challenge the Referee's report insofar as it fails to sustain charges 7(b) and 7(c)(i); and the report in that respect is confirmed. Respondent Marshal cross-moves for a dismissal of all charges.

Respondent challenges the authority of the Appellate Divisions to delegate the day-to-day supervision of Marshals to the Department of Investigation. We hold that the Appellate Divisions in the First and Second Judicial Departments are jointly vested with the power to supervise the activities of New York City Marshals and that the routine exercise of that power was lawfully delegated by the Appellate Divisions, through the Mayor, to the Department of Investigation (cf. New York City Civ. Ct. Act., §§ 103, 1609, 1610; New York City Charter, § 803, subd. 1).

Respondent also asserts that information contained in books and records seized by the Department of Investigation without court warrant was inadmissible in evidence against him. We find it unnecessary to determine whether respondent's rights

were violated by the seizure of his books and records, as they were also properly examined at his office and the record would indicate that such examinations were the source of the evidence adduced against respondent.

The findings of the Referee that respondent was guilty of charges 4 and 7(c)(ii), and guilty in part of charges 5 and 7(a) are amply supported by the record. In substance, charge 4 alleged that respondent committed perjury at a hearing before the Department of Investigation on March 2, 1967, to determine whether any moneys had been paid by his brother, Frank V. Mancuso, in connection with the latter's appointment as a City Marshal, in that he falsely testified concerning withdrawals from a certain savings bank account. Charge 5 alleged that respondent overcharged fees and received fees for services not rendered by him during the period from 1964 to the present (May 5, 1967). Charge 7(a) was to the effect that respondent failed to co-operate with the Department of Investigation in the performance of its function of supervising the conduct of City Marshals in that he failed to comply with required accounting procedures, there having been incomplete entries in his property execution books for the years 1965, 1966 and 1967. Charge 7(c)(ii) alleged similar failure to co-operate on the ground that respondent gave vague and evasive answers to questions concerning his activity as a City Marshal at a hearing conducted by the Department of Investigation on March 2, 1967, in that he could not adequately or satisfactorily explain his withdrawal of $4,000 from various savings accounts on January 30, 1967.

We agree with the Referee's findings that charges 4 and 7(c)(ii) were sustained; and those findings are confirmed. We also agree with the Referee that respondent was not responsible for overcharges made by his brother during the period prior to February, 1967, when respondent was merely a salaried employee of his brother; and we confirm the Referee's finding that charge 5 was sustained only to the extent that respondent made an overcharge of $4 in one case. However, to the extent that the Referee held that respondent was not required to keep separate books and records of his official acts as a Marshal during the period of his employment by his brother, in finding that charge 6, and charge 7(a) in part, had not been sustained, the report is disaffirmed and those charges are sustained. We hold that, pursuant to statute, respondent was required to keep such books and records and to comply with the accounting procedures promulgated by the Department of Investigation.

The record does not sustain charges 1, 2 and 3, to the effect

that respondent falsely testified in relation to his residence and a certain joint checking account. It appears that respondent disclosed the relevant data as to his alleged residence and in our opinion there is insufficient evidence that respondent willfully testified falsely with respect thereto (*People* v. *Redmond,* 189 App. Div. 96, 101). Similarly, the record does not establish a willful failure to disclose the checking account involved.

While some of the charges sustained are technical in nature, charges 4 and 7(c)(ii) which have been sustained ·by ample proof are of such a serious nature and character as to warrant respondent's removal from office. Indeed, removal would be justified solely by reason of respondent's being found guilty of charge 4.

It is therefore ordered and adjudged that respondent Rudolph M. Mancuso be and he hereby is removed from his office as a City Marshal of the City of New York.

The respective motions of the parties are accordingly determined in accordance with this opinion.

For the Appellate Division, First Department: Botein, P. J., Capozzoli, McGivern, Benjamin Rabin and McNally, JJ., concur.

For the Appellate Division, Second Department: Beldock, P. J., Christ, Brennan, Samuel Rabin and Hopkins, JJ., concur.

Motion by petitioner for an order confirming in part and rejecting in part the report of the Referee and that the respondent be removed from office and cross motion by respondent for an order rejecting the report and findings of the Referee with respect to certain charges, are determined as follows: The report of Hon. Daniel Gutman, the Referee herein, is confirmed as to charges 4, 5, 7(a) in part, 7(b), 7(c)(i), and 7(c)(ii); and disaffirmed as to charges 1, 2, 3 and 6, and charge 7(a) is disaffirmed to the extent and for the reasons stated in the opinion *Per Curiam* filed herein. Rudolph M. Mancuso is removed from his office as a City Marshal of the City of New York, effective as of May 20, 1968.