David F. Lee, Jr., J.
Defendant moves, pursuant to CPLR 3211 (subd. [a], par. 7), to dismiss the complaint, and for counsel fees in this action for divorce.
After commencement of the action in December, 1967 there was filed with the Conciliation Bureau a notice of commencement of the action which stated that the action was commenced on the grounds of “ cruelty, abandonment, separation, adultery.” The complaint alleges, inter alia:
‘13. That defendant has committed acts of physical and mental cruelty to plaintiff for a period in excess of ten years. That some of the acts were, and conduct of defendant toward plaintiff are, as follows:
“ That defendant has refused to cohabit with plaintiff as his wife for a period of ten years.
“ That during the months of January, 1968. and April, 1968 defendant physically assaulted plaintiff by striking him across the face.
“ That during the month of July, 1968, and on other occasions, defendant refused to permit Bunny Sue Houck to visit plaintiff in the residence owned jointly by the parties, and on such occasions called the local police department.
“ That for a period of twelve years, defendant has continuously argued with plaintiff and accused plaintiff of crimes and obnoxious acts,’ all of which are untrue and without foundation.
“ Defendant has telephoned customers of plaintiff jeopardizing his business and business relationship with said customers.
“ That defendant has telephoned plaintiff’s employer slanderizing plaintiff and jeopardizing his employment.
“ That defendant has telephoned the local police slanderizing plaintiff and conveyed wild accusations and untruths.
“That defendant has received monies and payments from customers and has used the same for her own behalf without accounting to plaintiff for the same.
“ That defendant has refused to discuss the problems between the parties herein.
“ That as a result of the cruel and inhuman treatment of defendant to plaintiff, plaintiff was required to leave the residence owned jointly by the parties on April 10, 1968 and to move into a furnished apartment.
‘ ‘ That further, as a result of said conduct of defendant, plaintiff has been required to receive medical treatment and is under medication for his mental and nervous condition.”
In the 1 ‘ wherefore ’ ’ clause of the complaint ‘ ‘ plaintiff prays for a judgment against the defendant for an absolute divorce on the grounds of cruelty ”.
*1072 At the outset it should be noted that section 210 of the Domestic Relations Law provides that “ No action for divorce or separation may be maintained on a ground which arose more than five years before the date of the commencement of that action ”, and goes on to except continuing abandonment and the two “living apart” grounds. (See, however, section 170 [subd. (6)] of the Domestic Relations Law, amended L. 1968, ch. 700, eff. June 16, 1968, with reference to Aug. 1, 1966.)
An affidavit submitted on behalf of defendant in support of the motion to dismiss states:
“ 16. That as can be seen by Section 170 subdivision 1 of the Domestic Relations Law, there not only must be cruel and inhuman treatment but it must be such that the conduct of the defendant is such that it endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant.
“ 17. That is it presumed that any cause of action for which this complaint was sent was grounded upon facts that had occurred prior to the service of the summons.”
The affidavit submitted on behalf of plaintiff ‘ ‘ in opposition to motion ” asks that defendant’s motion be dismissed, or “ that plaintiff, pursuant to Rule 3211 (e), be allowed leave to plead again and amend the complaint ’ ’. Leave to plead again may not be granted unless the court is satisfied that the party has good ground to support his, or her, cause of action, and no affidavit or evidence is submitted to justify the granting of such leave; an affidavit of the attorney only, embodying argument on the law, has been submitted. (See Taylor v. African Methodist Episcopal Church, 265 App. Div. 858; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212.05.) The complaint alleges that certain of the acts occurred or were committed in January, 1968, April, 1968 and July, 1968, after the action was commenced; however, no application for an order pursuant to CPLR 3025 (subd. [b]) has been made, and in the absence of such a motion those allegations should be stricken from the complaint.
A determination with regard to the allegation “ that defendant has refused to cohabit with plaintiff as his wife ” must, of course, be considered in the light of the provisions of the statute (Domestic Relations Law, § 170, subd. [1]). That section provides that an action for divorce may be maintained on the ground: “ The cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant.”
*1073 The statute provides that the action may be based upon such cruel and inhuman treatment as renders it “ unsafe or improper ” for the plaintiff to cohabit with the defendant. The law speaks not only of conduct which renders it ‘ ‘ unsafe or improper ’ ’ for the parties to cohabit; it also requires conduct which “ endangers the physical or mental well being of the plaintiff.” The court in Pierone v. Pierone (57 Misc 2d 516, 517) pointed out that: ‘ ‘ Cruelty, in its meaning, contains the atmosphere of wantonness, of intent to inflict suffering with deliberateness (Serota v. Serota, 20 Misc 2d 184). It may not be necessary to show actual violence to establish legal cruelty, but, if not, there must be either a reasonable apprehension of such violence (Kennedy v. Kennedy, 73 N. Y. 369) or conduct of such character as seriously affects the health of a spouse and threatens permanently to impair it (Avdoyan v. Avdoyan, 265 App. Div. 763).”
The allegation set forth in the complaint ‘ ‘ that defendant has refused to cohabit with plaintiff, ’ ’ in and of itself, fails to state a cause of action for “cruel and inhuman treatment.” (See Mirizio v. Mirizio, 242 N. Y. 74; Traylor v. Traylor, 3 A D 2d 727; Risk v. Risk, 202 App. Div. 299, 304; Jacobsen v. Jacobsen, 205 Misc. 584, 587; see, also, and cf. Petrella v. Petrella, 23 A D 2d 489; Shepetin v. Shepetin, 16 A D 2d 948; Rosenberg v. Rosenberg, 28 Misc 2d 922; 19 Carmody-Wait 2d, New York Practice, §§ 117:73, 117:110.) When this allegation is read with the allegation that “ as a result of said conduct of defendant, plaintiff has been required to receive medical treatment, and is under medication for his mental and nervous condition, ’ ’ however, given a liberal reading and liberally construed, as it must, it does state a cause of action. The “ Divorce Reform Law” enacted by the Legislature in 1966, effective September 1, 1967, does not specify the necessary allegations for a complaint based upon a new ground for divorce, nor does the CPLR as CPLR 3016 (subd. [c]) does in an action for separation. The same conclusion and determination, of course, must be made as to the other allegations concerning defendant’s conduct, except those alleging acts in January, July and April 1968, after the commencement of the action, which should be stricken.
Defendant’s motion to dismiss should, accordingly, be denied. Counsel fees in the sum of $200 should be allowed and are awarded, with leave to apply for further allowance. No motion costs are awarded.