Richard Middleton, Respondent, *v.* Agnes Middleton, Appellant.

First Department, December 24, 1970.

*Cornelia McDougald* of counsel (*Ralph Accoo,* attorney), for appellant.

*Milton E. Ehrenreich* for respondent.

McGivern, J.  This appeal is from a judgment of the Supreme Court, Bronx County (Loreto, J.), dissolving the marriage between the parties solely "because of the cruel and inhuman treatment of the defendant against the plaintiff".

The record discloses the following: The plaintiff husband and defendant wife were married in Savannah, Georgia, in 1935; the plaintiff husband was communicably diseased on the day he stood as a bridegroom; she too became infected, requiring heroic treatments; nevertheless, she stuck by him and supported him during his many and lengthy illnesses. In 1943, she came to New York first, found employment, sent for him, and found him the only decent job he ever had.  All her life she has consistently worked, and worked hard.  He, on the other hand, was a problem drinker, and many times, assaulted her and forced her to flee to the neighborhood precinct for help, resulting in many separations, albeit nonjudicial, and appearances before the courts. Finally, the Family Court in 1967 ordered a "cease-fire" and him out of the house.  Now, he says she is guilty of "cruel and inhuman treatment" toward him.  We do not see it.

The only evidence we can find in support of his charge is that he suffered "a lot of sleepless nights and hard feelings in the home".  This, it seems, resulted from bickering over the disciplinary attitude of the wife towards a foster, later adopted, daughter of the couple.  But the record seems to bear out the wife's concerned attitude towards the girl.  In any event, the Family Court removed the child from the milieu of the parties' home, gave custody to a relative, and now the young lady seems to be well on her way towards becoming a solid citizen.  His other protestations of illness are far-off and vague.  He testified he was an outpatient at a hospital in 1954–55 for "nervousness and hypertension" caused, he stated, by "aggravation in the home".  But, a pertinent medical statement was not per-

mitted in the record because of objection by plaintiff's counsel.

Now, we realize the cult of the "dead marriage" has taken hold of current thinking and the seeming indissolubility of marriage, save for adultery, has had its day as a doctrine and has ceased to be. But we are not prepared to say mere incompatibility alone is ground for a divorce. And we fail to see justice in the perfunctory discard of a good and faithful woman, after 35 years, on the bizarre charge of her cruelty and inhumanity towards him — when the record demonstrates, and we factually find, the shoe to be on the other foot.

Since the new act (Domestic Relations Law, § 170, subd. [1]), precedents are sparse and not united. But our view is in accord with *Rios* v. *Rios* (34 A D 2d 325) and *Pierone* v. *Pierone* (57 Misc 2d 516).

Accordingly, we determine the judgment should be **reversed**, on the law and on the facts, and the complaint dismissed, without costs and without disbursements.

CAPOZZOLI, P. J., McNALLY and TILZER, JJ., concur.

Judgment, Supreme Court, Bronx County, entered on February 2, 1970, unanimously reversed, on the law and on the facts, without costs and without disbursements, and the complaint dismissed.