OPINION OF THE COURT
Benjamin F. Nolan, J.
Defendants, City of New York and Tuscany Holding Corp., moved for orders dismissing the complaint, pursuant to CPLR 3211 (subd [a], par 7), for failure to state a cause of action, and/or, granting summary judgment, pursuant to CPLR 3212. Plaintiff cross-moved for summary judgment against each said *957 defendant. Both motions and cross motions are consolidated herein for disposition.
This action was brought against all three defendants, alleging negligence — against City Marshal Richard M. Schwartz, for damage to plaintiff tenant’s personal property in the course of an eviction; against Tuscany Holding Corp., because as landlord it hired the marshal to perform the eviction; and, against the City of New York, on the theory that the marshal acted as agent, servant and/or employee of the City of New York. By an earlier order of this court, the complaint against the marshal was dismissed for lack of jurisdiction.
A party at whose instance a warrant is duly issued is not responsible for the manner in which a Sheriff or marshal executes the warrant. The Sheriff or marshal only becomes an agent if the warrant is irregular, unauthorized or void. (Ide v Finn, 196 App Div 304; Treiber v Mouriocourt, 143 Misc 741, 742.) The party procuring issuance of the warrant confers only an implied authority consistent with that conferred thereby, and, is not liable for a trespass committed by the officer unless he authorized it. (Ide v Finn, supra, p 314, citing Welsh v Cochran, 63 NY 181; see Drinkhouse v Parka, 3 NY2d 82, 91; Fults v Munro, 202 NY 34, 42; Schrier v Shaffer, 123 App Div 543; Bach v New, 23 App Div 548; Korman v Macy & Co., 142 NYS2d 455; Liberty Ind. Park v Protective Packaging Corp., 71 Misc 2d 116, 119; Pollack v Macombs Inwood Corp., 52 Misc 2d 563.)
Since plaintiff did not appeal from the judgment underlying the warrant executed by the marshal, plaintiff cannot now collaterally attack the warrant. And, nowhere in his papers does plaintiff demonstrate by evidentiary facts that the warrant was irregular, unauthorized or void, or, that either defendant participated in the eviction or did anything to cause damage to any property of plaintiff in the course of or as a consequence of the eviction. (Days v Hall, 67 NYS2d 238.) In opposing defendants’ motions for summary judgment, plaintiff was required to lay bare his proof with affirmative evidence sufficient to raise a triable issue of fact — which he did not. (Manowitz v Senter, 62 AD2d 898; Loeffler v Port, 40 AD2d 900.) Bare allegations of the kind contained in the papers of plaintiff’s counsel are insufficient to create a genuine issue of fact. (Shaw v Time-Life Records, 38 NY2d 201, 207; Shepard Oil Co. v Ryan, 62 AD2d 1074; Anamet v Multiquip Commercial Corp., NYLJ, Jan. 27, 1978, p 5, col 3.)
*958 Marshals within the City of New York are governed by article 16 of the New York City Civil Court Act. Section 1609 thereof provides in part that "all provisions of law relating to the powers, duties and liabilities of sheriffs * * * in respects to the taking and restitution of property, shall apply to marshals”. It has therefore been held that a marshal’s authority is the same as that of a Sheriff. (Eckstein v Mass. Bonding & Ins. Co., 281 NY 435, 438; Ettinger v Wilke, 79 Misc 2d 387.) The powers, duties and liabilities of Sheriffs are governed by subdivision (a) of section 13 of article XIII of the New York State Constitution, which provides that 'the county shall never be made responsible for the acts of the sheriff” and which has been construed to defeat damages claims against counties for acts of its Deputy Sheriffs. (Snow v Harder, 43 AD2d 1003; Paolucci v County of Dutchess, 67 Misc 2d 479; Perry v Custodi, 52 AD2d 1063.) The governing body of the five counties-within the City of New York is the municipal government of the City of New York. Thus, since the liability of a marshal is the same as that of a Sheriff, it would appear that the City of New York should no more be responsible for the acts of a marshal than a county should be for the acts of a Sheriff. Counsel for plaintiff argues that it is wrong to equate a marshal with a Sheriff because there is no identical provision in the State Constitution which specifically grants to a marshal the same exemption from liability as article XIII thereof grants to a Sheriff. Be that as it may, however, the constitutional exemption for a Sheriff was already in existence when section 1609 of the New York City Civil Court Act was enacted, and the Legislature must be presumed to have been aware of it when it provided in section 1609 that all provisions of law relating to the powers, duties and liabilities of Sheriffs with respect to the taking and restitution of property shall apply to marshals. Additionally, the attempt to impose liability upon defendant, City of New York, because the Appellate Division has delegated to the city’s Department of Investigation the routine exercise of some of its statutory powers over marshals is of no avail since the Appellate Division nevertheless retains its supervisory jurisdiction over marshals, and because there is no showing that such a delegation, per se, makes marshals employees of the city. (Fraiman v Mancuso, 30 AD2d 108, affd 24 NY2d 891; Morton v Klein, NYLJ, March 1, 1978 p 15, col 1; 22 NYCRR 635.9 [4] [a]; NY Legis Ann, 1976, p 43.) It appears conclusively, to this court, that a marshal is an independent officer whose position is created by *959 statute, whose powers and duties are prescribed by statute and who exercises a high degree of initiative and independent judgment. (See Matter of O’Day v Yeager, 308 NY 580, 586.) To no extent, is a marshal an agent, servant or employee of the City of New York.
Accordingly, plaintiffs cross motions are in all respects denied. The motions of both defendants, City of New York and Tuscany Holding Corp., for orders dismissing the complaints against them for failure to state a cause of action and for summary judgment are granted.
Plaintiff seeks leave to replead if his complaint is dismissed (as it has been above) for failure to state a cause of action; but, leave to replead must be denied since plaintiff has not satisfied this court that his cause of action has merit. His attorney’s affidavit alone, embodying arguments of law, is insufficient. (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.05; Souveran Fabrics Corp. v Virginia Fibre Corp., 37 AD2d 925; Blaikie v Borden Co., 29 AD2d 932; Taylor v African M. E. Church, 265 App Div 858; Houck v Houck, 59 Misc 2d 1070.)
Besides, plaintiffs proposed amended complaint suffers from a patently irremediable defect. It seeks to assert a new cause of action in bailment (negligence) against the City of New York, and alleges that the claim upon which that cause of action is founded was presented to the city’s comptroller in 1973 — when in fact it was not. It is now too late to amend the notice of claim (General Municipal Law, §§ 50-e, 50-i), even under the liberal 1976 amendment of section 50-e. (Beary v City of Rye, 44 NY2d 398.) Compliance with the notice of claim requirement is jurisdictional, and must be both pleaded and proved. (Camarella v East Irondequoit Cent. School Bd., 41 AD2d 29, 31 affd 34 NY2d 139.) Finally, the affirmation of plaintiffs counsel does not specify the nature of the amendment which plaintiff proposed to assert against defendant, Tuscany Holding Corp.