OPINION OF THE COURT
Richard F. Kuhnen, J.
*426 In this action by plaintiff wife for a divorce, in which defendant husband counterclaims for a divorce, defendant moves to dismiss the complaint for failure to state a cause of action.
The gravamen of the motion is that although the complaint alleges various actions of the defendant which may constitute reprehensible conduct, it fails to characterize either what legal grounds these constitute for divorce or that they have caused plaintiff either physical or mental distress.
As to the first objection, we find no authority to the effect that it is necessary that a plaintiff employ the exact terminology of section 170 of the Domestic Relations Law to characterize under what subdivision the action is brought. In our opinion, it is enough that the acts specified fall within one of the subdivisions. In any event, defendant cannot claim to be prejudiced by such omission as the summons bears on its face the specific notation that the action is being brought on the ground of cruelty.
The second objection may have some merit. Although the acts specified might very well constitute cruel and inhuman treatment — unexplained absences from home, refusal to support, intoxication, an extramarital affair — the complaint, it is true, does not allege specifically, as counsel for defendant points out, "that any acts of the defendant caused the plaintiff any pain, anxiety or distress of any kind, and fails to state what effect, if any, the alleged behavior of the defendant had upon plaintiff”.
While defendant may be technically correct in his contention (see 1 Foster & Freed, Law and the Family — New York, p 166; Pierone v Pierone, 57 Misc 2d 516; Middleton v Middleton, 35 AD2d 371; Rios v Rios, 34 AD2d 325, affd 29 NY2d 840), it is obvious from the very fact that plaintiff is asserting these acts of defendant that they have caused her sufficient distress to ask a court to dissolve the marital relation. If we were to dismiss the complaint for her failure to say so specifically we would do so only with an opportunity to serve an amended complaint, which we decline to do, involving as it does a waste of time on the part of all involved.
Plaintiff will still have to prove a good cause of action upon the trial, with all necessary elements.
The motion is denied.