OPINION OF THE COURT
Charles H. Cohen, J.
Plaintiff has sued defendant to recover the sum of $25,000 which she claims she won as a prize. Plaintiff alleges two causes of action, one in fraud and the other for breach of contract.
Defendant has moved for summary judgment claiming that there are no triable issues of fact. Defendant has set forth all of the written material upon which plaintiff relies. Plaintiff does not dispute the fact that this was the material issued by defendant and does not claim that there is any other basis upon which she should recover. She refers to defendant’s prize identification chart and states that, “The Identification Spot on the chart indicated that the prize I had won was either #69908, $25,000 cash or #36310, a genuine 1-Ct Black Star of India ***I naturally chose the $25,000 cash prize and sent in my prize claim form. However, defendant did not sent [sic] me the prize I had chosen but instead sent me the genuine 1-ct Black Star of India.”
Basically, the question is whether the material was susceptible to a claim that plaintiff herself had the choice of selecting one of the two prizes. Plaintiff’s attorney argues — improperly in an affirmation, rather than in a memorandum or brief (Taylor v African M. E. Church, 265 App Div 858) — that the material “was ambiguous at best *8 and must be construed in a light most favorable to the plaintiff”.
There is no dispute concerning the written material upon which plaintiff relies. While plaintiff’s attorney argues that the material was “ambiguous”, plaintiff does not disclose in evidentiary form particular parol evidence, if any, upon which she relies. Plaintiff merely claims she was misled.
Under these circumstances, it is for the court to interpret the written material and to resolve any ambiguities which may appear in that material (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285).
An examination of the material indicates that it is a “hard sell” attempt to recruit members for its Gem Collectors International Society for a fee of $12 for one year, $15 for two years or $18 for three years. For example, the box which a participant is to check if he wishes to receive a prize and to enroll in the society is marked in large block letters near the top of a form, while the box he is to check if he wishes to receive a prize and not join the society, is in small print towards the bottom of the form.
Nevertheless, it is clear that a participant did not have the right to chose one of two prizes.
The form letter issued by defendant states: “Which prize have you won ...? Your prize is one of those identified on the Prize-Identification Chart * * * There can, of course, be only one $25,000.00 grand prize winner. But whether your prize turns out to be among the valuable ones or not * * * Perhaps the Prize-Identification-Chart will reveal your prize to be among the valuable ones”.
Further, the prize identification chart states: “Your prize is either #69908 or #36310” and “You have definitely won one of the two prizes uncovered in the Identification Spot above. To determine and collect which one of the two prizes you will be awarded, mail this Prize-Identification-Chart”.
The court concludes that plaintiff, a participant in the so-called “Sweepstakes”, did not have the right to choose one of the two prizes.
*9 Accordingly, defendant’s motion for summary judgment is granted.