OPINION OF THE COURT
Louis B. York, J.
This decision addresses an issue which apparently is one of first impression: whether New York City marshals are peace officers within the meaning of the CPL. As explained below, because New York City has not sought State certification for the Marshals, the Marshals are not peace officers. Therefore, the court grants the motion of defendants the City of New York (the City) and the New York City Department of Investigation (DOI) to dismiss them from this lawsuit.
In the underlying action, plaintiff Pedro Gonzalez alleges he sustained serious injuries while enforcing the New York City scofflaws. According to Mr. Gonzalez, City Marshal No. 7 George Airday failed to adequately protect him when he was attacked by several unknown assailants. At the time of the occurrence, Mr. Gonzalez was working in his capacity as an employee of third-party defendant G & A Towing, Inc., also known as G.A.P. Auto Repair, Inc. (G & A); G & A and Marshal Air-day worked together to enforce the parking laws and towing the cars of scofflaws. In addition to Marshal Airday, Mr. Gonzalez has sued DOI and the City as the agencies allegedly legally responsible for Marshal Airday’s actions.
A stipulation dated December 21,1995 withdraws Mr. Gonzalez’ discovery motion. Therefore, all that remains is the City’s cross motion to dismiss on the ground that it cannot be held liable for the Marshal’s allegedly careless, reckless and negligent conduct.
The City’s argument is twofold. First, under CCA 1609 "all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases and in respect to the taking and restitution of property, shall apply to marshals”. According to the *579 City, article XIII, § 13 of the New York Constitution provides that a municipality is never liable for the acts of the Sheriff. Thus, the City concludes, it cannot be held liable for any alleged misconduct or negligence on the part of Marshal Airday.
Despite the simple logic of this argument, the City is incorrect. For, in 1990, the Legislature deleted the sentence "But the county shall never be made responsible for the acts of the sheriff” from article XIII, § 13. (NY Const, art XIII, § 13 [Supp 1995]; see, Brooks v County of Onondaga, 167 AD2d 862 [4th Dept 1990].) As the alleged assault occurred in October of 1992, after the date of the amendment, the City is no longer immune from liability. Furthermore, because it is based on a provision of the Constitution which was subsequently deleted (Iorio v City of New York, 96 Misc 2d 955 [Civ Ct, Bronx County 1978]), on which the City relies, is no longer persuasive authority.
Second, the City relies on a 1976 First Department order which states that New York City Marshals are not considered peace officers within the meaning of the State’s criminal procedure laws. (Matter of Aponte, 51 AD2d 905 [1st Dept 1986].) Because Marshal Airday was not a peace officer, the City argues, he had no duty to intervene on behalf of Mr. Gonzalez.
As Mr. Gonzalez correctly notes, in 1980 the Legislature enacted CPL 2.10, which lists those persons designated as peace officers. Subdivision (33) of that law provides that New York City Marshals who are trained in firearms handling by an appropriate agency and who have received a firearms permit from the City’s Police Department License Division are considered peace officers. However, a related provision, CPL 2.30, requires all peace officers to enter into a specified training program and receive certification as peace officers. The City has not applied for State certification of City Marshals as peace officers. (See, New York City Department of Investigation [DOI]: New York City Marshals: Handbook of Regulations, ch VIII, § 4 [July 1986].) Thus, Aponte (supra) is still considered good law in this Department, and Marshals are not considered peace officers. (Id.; see also, CPL 2.30 [1] ["no person * * * shall exercise the powers of a peace officer, unless he has received such certification within twelve months of appointment”].)*
There is an obvious inconsistency in these principles. However, I find it dispositive that the City has not sought cer *580 tification of City Marshals as peace officers. Accordingly, I hold that the Marshals are not obliged to perform the duties of peace officers set forth in CPL 2.20 — including the duty to protect the citizens of this State. Therefore the City and DOI are not liable for Marshal Airday’s alleged failure to adequately perform his duty as a peace officer.
Mr. Gonzalez suggests that there might be some other basis for holding the City liable. In particular, he alludes to a possible contract between the City and the Marshal which makes the former responsible for Mr. Gonzalez’ security. However, these unsubstantiated allegations are insufficient to raise a triable issue of fact in light of the law outlined above. Accordingly, the court grants the City’s motion to dismiss it and DOI from this action.
In opposing the City’s cross motion, G & A argued that outstanding issues remained because the City and DOI have not produced a copy of existing regulations governing Marshals. However, the court has reviewed and taken judicial notice of the latest Marshal handbook (see, CPLR 4511 [d]; Fisch, New York Evidence § 1068 [2d ed 1977]), and finds that the handbook resolves the issue in the City defendants’ favor. Thus, G & A’s argument is unavailing. Finally, the court notes that at this juncture it does not decide whether Marshal Airday can be held liable based on the agreement between himself and G & A for his allegedly negligent and reckless behavior.

 Marshals, of course, can still apply for weapons permits from the Police Department’s License Division. Thus, it is entirely probable that Marshal Airday’s testimony that he always carries a gun was accurate.