In the Matter of the Claim of SYLVIA PERRY.

WESTERN PERISHABLE CARLOAD RECEIVERS ASSOCIATION OF NEW YORK, INC., Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.

Argued January 8, 1942; decided March 5, 1942.

*Joseph D. Nunan, Jr., Clifford S. Bostwick* and *Douglas H. Thayer* for appellant. The claimant was not an employee of the appellant, being neither subject to its control nor engaged in its work. (*Irwin* v. *Klein,* 271 N. Y. 477; *Matter of Beach* v. *Velzy,* 238 N. Y. 100; *Standard Oil Co.* v. *Anderson,* 212 U. S. 215; *Matter of Cunningham,* 255 App. Div. 729; *Brown* v. *Munn Piano Co.,* 172 App. Div. 372.) The claimant was an employee of a bureau of the Department of Agriculture which was rendering a service authorized and prescribed by Congress. (*Standard Oil Co.* v. *Anderson,*

212 U. S. 215; *Irwin* v. *Klein,* 271 N. Y. 477; *Matter of Beach* v. *Velzy,* 238 N. Y. 100.)

*John J. Bennett, Jr., Attorney-General* (*W. Gerard Ryan, Henry Epstein* and *Francis R. Curran* of counsel), for respondent. Claimant was an employee of appellant. (*Standard Oil Co.* v. *Anderson,* 221 U. S. 215; *Matter of Batter,* 257 App. Div. 546; 282 N. Y. 722; *Matter of Kinney,* 257 App. Div. 496; 281 N. Y. 840; *Matter of Morton,* 284 N. Y. 167.) Claimant was not an employee of the Department of Agriculture. (*White* v. *Boland,* 254 App. Div. 356; *Helvering* v. *Therrell,* 303 U. S. 218; *Matter of Kinney,* 257 App. Div. 496; 281 N. Y. 840.)

LEHMAN, Ch. J. The claimant, Sylvia Perry, was employed as a clerk in the office of the United States Department of Agriculture in New York city. She was selected for her position by an inspector of the department. She worked under his supervision. Her duties were defined by the department. Her salary was fixed by the department. She was subject to discharge by the department. She was not subject to the orders of any person connected with the Western Perishable Carload Receivers Association and, indeed, had no direct contact of any kind with that association, but she was employed to perform work in connection with " Federal inspection service for condition only of fresh vegetables and /or fruits received by the members of said Association," which the Bureau of Agricultural Economics, Department of Agriculture, agreed to provide in accordance with the terms of a " Memorandum of Agreement " between the Bureau and the association.

No duty is imposed by any federal statute upon the Department of Agriculture to furnish inspection service to determine the condition of vegetables or fruit transported in interstate commerce, but under the terms of the Perishable Agricultural Commodities Act of 1930 (U. S. Code, tit. 7, ch. 20-A), the Secretary of Agriculture is " authorized, independently and in cooperation with other branches of the Government * * * and /or any person * * * to

employ and/or license inspectors to inspect and certify, * * * to any interested person the class, quality, and/or condition of any lot of any perishable agricultural commodity when offered for interstate or foreign shipment or when received at places where the Secretary shall find it practicable to provide such service, under such rules and regulations as he may prescribe, *including the payment of such fees and expenses as will be reasonable and as nearly as may be to cover the cost for the service rendered * * *."* (§ 499-n.)

The inspection and certification by the Department of Agriculture of the class, quality or condition of perishable commodities offered or received in interstate commerce may be a service of practical value to shipper or consignee or carrier. No duty to pay the cost of inspection is, by the statute, imposed upon any person who does not desire to obtain such service but, under the terms of the statute, a consignor or a consignee or an association of consignors or consignees may voluntarily agree to pay the cost and expense of a beneficial service sought by such consignor or consignee or association.

Such an agreement was made in this case, and under the terms of the written "Memorandum of Agreement" it was stipulated that the association should pay the cost of the service of inspection of shipments to its members and that, "Specifically, the Association shall pay the salaries of the supervising inspector or inspectors, of the necessary clerks and of the inspectors. The latter shall be selected, trained, licensed, and supervised by the Bureau, which will approve the scale of salaries paid. The Federal supervisor will determine the detailed assignments of the men from day to day and by the week or month."

Pursuant to that agreement inspectors "trained, licensed, and supervised by the Bureau" have been inspecting and certifying the condition of shipments received by members of the association in New York city and the "necessary clerks" have been employed in the office of the Bureau. The monthly payroll of the persons employed for that purpose is sent to the association and the salaries of all

employees upon the payroll are paid by the association from a fund collected from its members. The question presented upon this appeal is whether these employees are entitled to benefits from the unemployment insurance fund established by article 18 of the Labor Law (Cons. Laws, ch. 31), added by chapter 468 of the Laws of 1935, and whether the association is their "employer" as that term is defined in the statute and is liable for contributions to the fund based upon the salaries of these employees.

The service of the Department of Agriculture in inspecting and certifying the condition of agricultural commodities consigned to the members of the association is rendered at the request of the association and for the benefit of its members. The members of the association sought that service because the statute provides that " official inspection certificates for fresh fruits and vegetables issued by the Secretary of Agriculture * * * shall be received by all officers and all courts of the United States " in specified proceedings and transactions " as *prima-facie* evidence of the truth of the statements therein contained." (§ 499-n.) Only agents of the Department of Agriculture make an official inspection or issue, in the name of the Secretary, an official inspection certificate. The statute does not confer upon the Secretary of Agriculture power to issue an official inspection certificate where the inspection has been made by agents or employees of a private person even though such private person might be willing to delegate to the Secretary the power to select the inspectors, fix their salaries, and supervise their work. The association has agreed to pay the cost of service which an agency of the United States government was authorized to render and which, from its nature, only such an agency could render. The association had no right under the statute or under the terms of the agreement, to employ these persons, to discharge them, to fix their number or their salaries, or to supervise or direct their work. The fact that the association, in the performance of its contractual obligation to pay such costs, paid by its own checks the salaries of the persons employed in rendering that service,

as shown on the payroll prepared by the government agency, instead of reimbursing the agency for the expenses paid by the agency, did not and could not make those persons the agents or employees of the association.

Under the terms of section 502, subdivision 3, paragraphs 3 (b) and (c), of the Labor Law, an " employer " is, in circumstances therein specified, deemed to " employ " all employees employed by a person with whom the " employer " contracts for " any work which is part of such employer's usual trade, occupation, profession or enterprise." That provision has no application here. The association has not contracted with the Department of Agriculture for any work which is part of the association's work. On the contrary, the persons who claim that they are employees of the association are employed on work which the association was not authorized to perform and could not perform.

The Department of Labor and the Appellate Division have found support for the claim that these persons are employees of the association rather than employees of the government, in the fact that they were not required to take a civil service examination and were not eligible for any pension or other employment benefit usually accorded to government employees. Irregularity, if irregularity there was, in the employment of persons by the Department of Agriculture could not make such persons employees of the association when they were employed upon work which only the government could do, and were selected and directed by governmental agents.

The order of the Appellate Division should be reversed and the decision of the Unemployment Insurance Appeal Board annulled, with costs in this court and in the Appellate Division.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order reversed, etc.