In the Matter of the Claim of HYMAN BERNSTEIN.

MARTIN J. KENNEDY, Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.

Third Department, June 30, 1943.

*Mildred Satler* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General, Francis R. Curran* and *W. Gerard Ryan* of counsel), for respondent.

HILL, P. J. Appellant was a marshal of the city of New York during the period involved, claimant an employee in his office engaged in the work thereof. It has been determined that the marshal was the employer of the claimant within the purview of the Unemployment Insurance Law, and that claimant, who was discharged, is entitled to unemployment benefits.

The duties of a marshal are connected generally with the Municipal Court of the City of New York, and are defined by section 151 of the Municipal Court Code which in part is as follows: " Except as otherwise prescribed in this act or in the rules, every execution, order of arrest, warrant of attachment, requisition to replevy, warrant of seizure, or other mandate of the court shall be served and executed by a marshal, and all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases and in respect to the taking and restitution of property shall apply to marshals." He is required to keep a record of his official acts which is to be open to inspection by the president justice of the court or his designees. This is to contain a list of all sums and fees which he receives, and the expenses incurred in connection with the performance of his official duties, and his gross and net income. He receives compensation by way of poundage upon sums collected, together with fees fixed by law for executing the mandates of the court and for the service of papers and process. Claimant was employed by the marshal to keep records and assist in the performance of the duties, and was paid by the marshal presumably from office income. The marshal was an employee of the city of New York, performing a municipal governmental function in which claimant assisted, who like the marshal, through the nomination by the latter and during his pleasure, was also an employee of the city of New York. It was work for the city which was being performed. The marshal, as well as the claimant, had no powers except those incident to the official position. The fact that claimant was not eligible for a pension or other municipal employment benefits and that he was not required to take a civil service examination, is without significance, as was the source of his compensation. (*Matter of Perry* [*Western Receivers Assn.*], 287 N. Y. 539, 544.) That authority and *Matter of Palmer* and *Matter of Del Buono* (283 N. Y. 575) require that the determination of the Board be reversed. Labor Law, section 502, subdivision 3, paragraph (3), clause (a) applies. Claimant was an assistant as mentioned therein.

CRAPSER, J. (dissenting). This is an appeal by a city marshal from a decision of the Unemployment Insurance Appeal Board

which affirmed a decision of an Unemployment Insurance Referee holding the claimant to be eligible for unemployment insurance benefits based upon his earnings with the appellant and holding that the appellant was not an exempt employer under section 502, subdivision 3, paragraph (3), clause (d) of the Unemployment Insurance Law.

The appellant is a city marshal of the city of New York, appointed by the Mayor, and it is admitted that the claimant was one of his employees. A marshal while appointed by the Mayor of the city of New York receives his fees entirely from litigants and attorneys, he does not receive any of his pay from the city of New York. He had several employees who were for his own convenience. They were not under civil service, they were hired directly by him, they had no pension rights, no mandatory increases as provided for city employees, no promotion rights and no right of appeal in the event of discharge and received no credit for civil service employment. The marshal's fees were his own, he did not have to account for them to turn over any part of them to the city of New York. All expenses incidental to the management of his office were borne by the marshal personally.

The marshal was not a " governmental subdivision " within the meaning of section 502, subdivision 3, paragraph (3), clause (d) of the Unemployment Insurance Law and the decision of the Unemployment Insurance Board should be affirmed, with costs and disbursements.

BLISS and HEFFERNAN, JJ., concur with HILL, P. J.; CRAPSER, J., dissents in a memorandum in which SCHENCK, J., concurs.

Determination reversed on the law, with fifty dollars costs and disbursements.