In the Matter of W. G. Briggs et al., Doing Business as Southern District Court Reporters, Appellants. Edward Corsi, as Industrial Commissioner, Respondent.

Third Department, November 18, 1954.

*Howard L. Kuttner* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Francis R. Curran* and *Wendell P. Brown* of counsel), for respondent.

HALPERN, J.   The Southern District Court Reporters, the appellant, is a copartnership consisting of the sixteen official court reporters for the United States District Court for the Southern District of New York.   The reporters are appointed by the District Court Judges and receive a fixed annual salary. The reporters formed the partnership, with the permission of the Judges, in order to facilitate the work of transcribing the records of judicial proceedings and also to enable them to carry on private stenographic work.

The firm regularly employs six typists and two clerical workers.   All fees obtained from the sale of transcripts and the compensation received from private work are placed in a common pool from which the salaries of the typists and clerks and other expenses are paid and the net proceeds are then divided among the members of the partnership.

About 95% of the total work performed by the partnership consists of the preparation of the transcripts of official proceedings.   The remaining 5% consists of private work.   The appellant concedes that it is liable for unemployment insurance contributions computed upon 5% of the partnership payroll,

corresponding to the proportion of the work of the firm which is so-called private work, but it challenges the determination of the Unemployment Insurance Appeal Board that it is liable for contributions based upon its entire payroll.

The United States is, of course, not liable for the payment of unemployment insurance contributions with respect to the salaries paid by it to the court reporters. The United States is not an " employer " within the meaning of the Unemployment Insurance Law (Labor Law, § 512). The appellant argues from this that it is exempt from liability for contributions with respect to the compensation paid to its staff for work performed in producing transcripts of official proceedings. The appellant relies upon subdivision 2 of section 560 of the Labor Law which reads as follows: " Hirings by helpers and assistants. Whenever any helper, assistant, or employee of an employer engages any other person in the work which said helper, assistant, or employee is doing for the employer, such employer shall for all purposes hereof be deemed the employer of such other person, whether such person is paid by the said helper, assistant, or employee, or by the employer, provided the employment has been with the knowledge, actual, constructive, or implied, of the employer."

In our opinion, this subdivision has no bearing upon the case. This subdivision applies only to persons hired by an employee of an " employer ", as that term is defined in the statute. Since the United States is not an " employer " within the statutory definition, subdivision 2 of section 560 has no application here at all.

The obvious purpose of the subdivision is to extend the coverage of the Unemployment Insurance Law with respect to employers who come within the statutory definition. Such employers, by force of the subdivision, are made liable for contributions for assistants hired by their employees. Also, the assistants are to be counted in determining whether the employer has employed a total of four or more persons. But the provision has no application to employers who are completely excluded from the statutory definition.

However, apart from the provisions of subdivision 2 of section 560, a question may be raised as to whether the assistants hired by the court reporters were, in fact, employees of the United States. It seems plain to us that they were not. First of all, there was no statutory or administrative authority for their employment and they could not be employees of the United States in the absence of such authority. Furthermore, the

nature and terms of the employment of the typists and clerks were not in any respect prescribed by the United States. They were not subject to civil service regulations; their qualifications were passed upon solely by the appellant; their compensation was fixed and paid by the appellant and they were hired and fired at will by the appellant.

If the court reporters had individually employed assistants, even to the extent of four or more each, for the purpose of doing Government work exclusively, they might claim to be exempt from liability for contributions, not on the ground that the assistants were employees of the United States, but rather upon the ground that the court reporters were themselves exempt employers under subdivisions 4 and 6 of section 560. Subdivision 4 exempts from liability for contributions " Municipal corporations and other governmental subdivisions " and subdivision 6 exempts " any instrumentality of the United States * * * wholly owned by the United States ". The question would then arise as to whether the reporters constituted governmental subdivisions or instrumentalities of the United States within the meaning of the exemption provisions. The question would be similar to that which was raised in *Matter of Bernstein* (266 App. Div. 459, affd. 292 N. Y. 617). In the *Bernstein* case, it was held that an assistant employed by a marshal of the City of New York was not entitled to unemployment insurance benefits. In view of the nature of the issue raised before the board and argued in this court, the decision must be deemed to rest upon a holding that the marshal was a governmental agency or instrumentality and therefore an exempt employer. In this connection, it is of interest to note that in 1952, subsequent to the decision of the *Bernstein* case, the Federal authorities held that a city marshal was liable for taxes under the Federal Unemployment Tax Law, with respect to compensation paid to his assistants. The Commissioner of Internal Revenue pointed out that there was no statutory authority for the employment of the assistants and that therefore they must be regarded as employees of the marshal in his personal capacity and not in his capacity as a governmental agency or instrumentality (Prentice-Hall, Social Security Tax Service, Vol. 2, par. 36,059).

In any event, the question discussed in the preceding paragraph does not arise in the present case because the reporters did not individually employ any assistants but created a separate business entity, the partnership, to carry on their work. All the typists and clerks were employed by the partnership. The partnership obviously was not a subdivision or instrumentality

of the Government. It was a private business enterprise. In fact, as one of the reporters testified, the United States refused to recognize the existence of the partnership officially; any charges to the United States for transcripts were required to be billed in the name of the individual reporter who had taken the proceeding.

*Matter of Batter* (257 App. Div. 546, affd. 282 N. Y. 722) is in point here. In that case, a mortgage servicing corporation set up by the State Mortgage Commission was held not to be a governmental agency or instrumentality entitled to exemption under the Unemployment Insurance Law.

The private character of the partnership is further indicated by the fact that part of the business transacted by it had nothing to do with the official work of the reporters. It is true that this constituted only 5% of the total volume of business of the partnership but even a small proportion of outside work is incompatible with the claim that the partnership itself was an agency or instrumentality of the United States.

The decision of the Unemployment Insurance Appeal Board should be affirmed, with costs.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, with costs. [See *post*, p. 844.]