## (August 28, 1980)

■ In the Matter of ROBERT MERSEREAU et al., Respondents, v ROBERT McGUIRE, as Police Commissioner of the City of New York, et al., Appellants.—Judgment (denominated order), Supreme Court, New York County, entered May 2, 1980, which granted this article 78 petition in all respects, by annulling respondents-appellants' (respondents) determination to suspend petitioners-respondents' (petitioners) pension benefits and directing them to pay such pension benefits to petitioners, is hereby reversed, on the law, and the petition is dismissed, without costs. The petitioners herein are former New York City employees who retired and are receiving pension benefits from city funded retirement systems. After their retirements, they were appointed Marshals of the City of New York by the Mayor. At issue is section 1117 of the New York City Charter, which suspends pension benefits to pensioners holding and receiving any compensation from any State or city, etc., office, employment or position. Effective September 30, 1979, respondents, pursuant to Corporation Counsel Opinion No. 44-79, dated May 23, 1979, which concluded that "fees earned by City Marshal constitute compensation from office within the meaning of Charter § 1117 and that a City retiree who becomes a City Marshal will have his retirement benefit, exclusive of any annuity, suspended and forfeited" suspended petitioners' pensions. Petitioners began this proceeding on October 30, 1979, alleging, inter alia, that they had never been informed that their appointment as city marshals would cause them loss, suspension or forfeiture of pension benefits; that they receive no salary, income or compensation of any kind from the

City of New York, from any of the appellants or from any public funds; and that marshals are not employees of the city or any of the appellants, but are instead independent contractors who are paid fees and poundage pursuant to CPLR 8011 (subd [a], par 1) and 8012, from judgment creditors and other entities statutorily entitled to utilize the services of a city marshal. Further, that marshals are not entitled to participate in any pension fund or plan which is administered or funded by the City of New York. In substance, petitioners allege that they do not receive compensation from office, within the meaning of section 1117 of the Charter. The court below, relying on what it perceived to be the general definition of "compensation" set forth in subdivision b of section 822 of the City Charter, found that marshal's fees did not constitute compensation within the meaning of the City Charter as such term was defined by section 822 as "the scheduled salary or compensation of any employee of the City of New York". This court must therefore determine: (a) whether city marshals earn "compensation from office" within the meaning of section 1117 of the New York City Charter, requiring a suspension of benefits during the time petitioners hold such office, (b) whether respondents are bound by the definition of compensation set forth in section 822 of the City Charter. Section 1117 of the City Charter provides: "§ 1117. Pensioner not to hold office.—If a person receiving a pension or a retirement allowance made up of such pension and an annuity purchased by the petitioner from the city or any agency, or out of any fund under the city or any agency, by reason of his own prior employment by the city or any agency, shall hold and receive any compensation from any office, employment or position under the state or city or any of the counties included within the city or any municipal corporation or political subdivision of the state, except the offices of inspector of election, poll clerk or ballot clerk under the election law or commissioner of deeds or notary public or jury duty, the payment of said pension only shall be suspended and forfeited during and for the time he shall hold and receive compensation from such office, position or employment; but this section shall not apply where the pension and the salary or compensation of the office, employment or position amount in the aggregate to less than one thousand eight hundred dollars annually." Section 822 of the City Charter provides: "§ 822. Condition precedent to employment.-a. Notwithstanding the provisions of any local law, rule or regulation to the contrary, every person seeking employment with the city of New York or any of its agencies regardless of civil service classification or status shall sign an agreement as a condition precedent to such employment to the effect that if he is or becomes a nonresident individual as that term is defined in section TA6-6.0 of the administrative code of the city of New York or any similar provision of such code, during his employment by the city, he will pay to the city an amount by which a city personal income tax on residents computed and determined as if he were a resident individual, as defined in such section, during such employment, exceeds the amount of any city earnings tax and city personal income tax imposed on him for the same taxable period. b. Whenever any provision of this charter, the administrative code of the city of New York or any rule or regulation promulgated pursuant to such charter or administrative code employs the term 'salary', 'compensation', or any other word or words having a similar meaning, such term shall be deemed and construed to mean the scheduled salary or compensation of any employee of the city of New York, undiminished by any amount payable pursuant to subdivision a of this section." City marshals are not salaried employees of the City of New York. They are public officers, appointed by the Mayor (CCA, § 1601) and

subject to the Public Officers Law. *(Matter of Janov v Koch,* 67 AD2d 862.) Section 1609 of the New York City Civil Court Act provides in part that: "The authority of a marshal extends throughout the city of New York and all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases and in respect to the taking and restitution of property, shall apply to marshals." It would appear that the office of city marshal and its relationship to the city's Civil Court is similar to the position of the office of Sheriff with respect to the Supreme Court. *(Iorio v City of New York,* 96 Misc 2d 955, 958). Like the Sheriff, a city marshal serves the court's process and executes its mandates. It is clear that all petitioners receive compensation from the office of city marshal. Fees are provided by Statute (CCA, § 1609, CPLR 8011, 8012). The fact that such compensation is derived from nonpublic sources, i.e., judgment creditors, is immaterial, as section 1117 of the Charter makes no distinction between salary from government employers and compensation from any other source and does not refer to the source of the retirees' earnings. Section 67 of the Public Officers Law requires a public officer to perform his duty without remuneration, except where "a fee or other compensation therefor is expressly allowed by law." It is thus clear that the very statute governing public officers' fees defines the term "fee" as "compensation". Similarly, section 201 of the County Law refers to "all fees * * * or other * * * compensation" received by county officers. New York courts have also consistently referred to fees earned by marshals as compensation. In *Matter of Bernstein* (266 App Div 459, 460, affd 292 NY 617), the court declared that a marshal "receives compensation by way of poundage upon sums collected, together with fees fixed by law". This question of compensation and whether it affected pension benefits was previously considered by the Attorney-General in an opinion rendered May 14, 1963, where it held that fees collected by marshals constituted compensation, so as to work a suspension of benefits under the State Retirement System pursuant to section 101 of the Retirement and Social Security Law, which is similar to section 1117 of the City Charter. Nor are respondents bound by the definition of compensation set forth in section 822 of the City Charter. Section 822 deals with conditions precedent to employment by the City of New York. Subdivision a relates to the employee executing an agreement specifying he will pay the difference between the city income tax on residents and on nonresidents, and subdivision b refers to subdivision a and states that any amount payable pursuant to a shall not diminish the "salary" or "compensation" of any city employee. Petitioners' contention that subdivision a defines "compensation" for all purposes, whenever it appears in the City Charter or Administrative Code, omits consideration of the operative phrase of subsection b, which states that a city employee's salary or compensation is to be considered undiminished by any amount payable pursuant to subdivision a. If this interpretation of the section were to prevail, most of the broad language of section 1117 would be rendered inoperative. Section 1117 clearly seeks to bar all government office holders of New York State and its political subdivisions from collecting city pension benefits. Were we to incorporate the definition of compensation in Charter section 822 into Charter section 1117 it would permit, not only city marshals, but any employee of New York State and its political subdivisions, except for New York City, to collect pensions. This we do not believe was the intention of the drafters. The argument of petitioners with respect to estoppel is without merit and is not pressed on appeal. Concur—Murphy, P. J., Fein, Sullivan and Carro, JJ.; Kupferman, J., dissents and would affirm.