■ In the Matter of the UNIFIED COURT SYSTEM, STATE OF NEW YORK, Appellant. LILLIAN ROBERTS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 10, 1981, which ruled that city marshals of the City of New York are employees of the State of New York and that the State is thereby liable for paying unemployment insurance benefits to city marshals whose terms have expired. The sole issue presented on this appeal is whether city marshals of the City of New York are employees of the State. In 1979, the State Department of Labor's Division of Unemployment Insurance began charging the Unified Court System for unemployment benefits paid to city marshals whose statutory terms of office had expired and to personal employees of the marshals. The Unified Court System objected to this new policy arguing that the city marshals are independent contractors. The board ultimately ruled that they are employees of the State relying on *Matter of Bernstein* (266 App Div 459, affd without opn 292 NY 617). This appeal ensued. Since *Matter of Bernstein (Miller)* (*supra*) is, in our view, dispositive of the issue raised on this appeal, the board's decision must be affirmed. In *Bernstein* (*supra*), the board held that a claimant employed by a city marshal as an assistant was entitled to unemployment insurance benefits. In so ruling, the board rejected the city marshal's argument that he was not subject to liability for unemployment insurance payments under a statutory provision which exempted the State of New York, municipalities and other governmental subdivisions from the Unemployment Insurance Law (former Labor Law, § 502, subd 3, par [3], cl [d], repealed by L 1944, ch 705). This court reversed the board and held that the city marshal was exempt from unemployment insurance liability. Despite a record which was remarkably similar to the one presented by this appeal, showing that city marshals and their assistants are not paid by any governmental entity, receive no fringe benefits normally bestowed upon State or municipal employees, and are not subject to any meaningful governmental control, this court ruled that city marshals were employees of the City of New York since "[i]t was work for the city which was being performed" (*Matter of Bernstein,* 266 App Div 459, 460, *supra*). By applying the rule that employees of an assistant shall be deemed employees of the assistant's employer (former Labor Law, § 502, subd 3, par [3], cl [a], repealed by L 1944, ch 705), this court concluded that the city marshal's assistant was also an employee of New York City. As noted by the Unified Court System in its argument, the issue presented on this appeal, i.e., whether city marshals are State employees (rather than employees of New York City by reason of the enactment of the Unified Court Budget Act in 1976), is different from that decided in *Bernstein,* i.e., whether an assistant city marshal was employed by a governmental subdivision. However, while the issues may not be identical, it appears to us that the *Bernstein* analysis, finding the claimant therein to be employed by a governmental subdivision by virtue of the city marshal's status as an employee of the City of New York, is controlling on the issue presented herein. The finding that city marshals were employed by New York City was essential to the *Bernstein* holding and cannot now be avoided. The argument raised concerning the lack of evidence in the record to support a factual finding of control by the State over city marshals is, in our view, irrelevant in view of *Bernstein* which considered the same contentions. Decision affirmed, without costs. Mahoney, P. J., Casey, Mikoll and Levine, JJ. concur.

Yesawich, Jr., J., dissents and votes to reverse in the following memorandum. Yesawich, Jr., J. (dissenting). I respectfully dissent and vote to reverse. As the majority acknowledges, the issue presented on this appeal is dissimilar from that raised in *Matter of Bernstein* (266 App Div 459, affd 292 NY 617). There, all that needed to be resolved was whether a city marshal performed a governmental function and was exempt, under the statutory scheme then extant, from liability for unemployment insurance for his own employees. Language in that opinion labeling the city marshals employees of New York City was superfluous. It seems obvious that city marshals who maintain their own offices, employ their own staff, pay their own expenses, set their own schedules, derive their own income from fees, and over whom the State lacks any control whatsoever respecting the manner in which their work is to be performed, possess all the classic indicia of independent contractors. To hold otherwise defies reality; to base that holding on an inept dictum is, in my view, an unwarranted application of the doctrine of *stare decisis*. "If * * * adherence to precedent offers not justice but unfairness, not certainty but doubt and confusion, it loses its right to survive, and no principle constrains us to follow it" (*Bing v Thunig*, 2 NY2d 656, 667).