■ JOHN HUGHES et al., Respondents, v CITY OF NEW YORK et al., Appellants.—In a declaratory judgment action, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Shaw, J.), dated April 2, 1984, which, *inter alia,* (1) declared that New York City Charter § 1117, as interpreted in the decision in *Matter of Mersereau v McGuire* (77 AD2d 849, *affd* 53 NY2d 960), should not be applied retroactively so as to enable the defendants to recoup pension benefits paid to the plaintiffs prior to September 30, 1979, and during their tenure as City Marshals, (2) granted the plaintiffs' motion for summary judgment, and (3) denied the defendants' cross motion for summary judgment.

Order and judgment reversed, on the law, without costs or disbursements, motion denied, cross motion granted, it is declared that New York City Charter § 1117, as interpreted in *Matter of Mersereau v McGuire (supra),* is to be applied retroactively, and matter remitted to the Supreme Court, Kings County, for a determination of the damages to be awarded on the defendants' counterclaims.

The underlying facts are not disputed. The plaintiffs, former employees of the City of New York, began to receive payments from their respective pension funds after their retirements. While receiving these payments, the plaintiffs, during the years 1971 through 1973, were appointed to positions as Marshals of the City of New York. New York City Charter § 1117 provides, with certain exceptions, that if a pensioner receives any compensation from any office, employment or position from the State, city or county, the payment of the pension shall be suspended and forfeited during the time the office, position or employment is held. In 1979, the Corporation Counsel of the City of New York determined that the plaintiffs' pensions should be suspended because of the provisions of section 1117.

The plaintiffs and other City Marshals then brought a proceeding pursuant to CPLR article 78 to review the city's

determination that section 1117 was applicable to City Marshals. They were successful at Special Term but the Appellate Division, First Department, reversed in *Matter of Mersereau v McGuire* (77 AD2d 849, *supra*), determining that the compensation City Marshals received (always from third parties) during the performance of their duties was compensation within the meaning of section 1117 and fell within its ambit. This determination was affirmed by the Court of Appeals for reasons stated by the Appellate Division *(Matter of Mersereau v McGuire,* 53 NY2d 960, *supra).*

Following the determination of the Court of Appeals, the City of New York sought to recoup the pension benefits that had been paid to the plaintiffs during their tenure as Marshals. The plaintiffs then brought the instant action to obtain a judgment declaring that the city could not apply *Mersereau (supra)* retroactively. The city counterclaimed for a money judgment against each plaintiff in the amount of his pension which had been paid to him. Special Term, *inter alia,* granted judgment in favor of the plaintiffs and dismissed the city's counterclaims. The appeal is from that order and judgment.

Despite the unhappy consequences to these plaintiffs, the authority of *New York City Employees' Retirement Sys. v Eliot* (267 NY 193) compels us to reverse the judgment. In *Eliot,* the Court of Appeals held that the Retirement System was entitled to recoup payments made to a pensioner in contravention of a statute which had the same effect as the City Charter provision applicable here. Although the impropriety of the payments may have been more apparent in *Eliot* than here, neither the mistake in paying the funds nor the unhappy consequences for the plaintiffs resulting from the requirement those funds be recouped defeats the right of the pension fund to recover.

Although the plaintiffs' position is a sympathetic one, their argument that *Mersereau (supra)* should be applied prospectively only is without merit. Absent "a sharp break in the continuity of law" *(Gager v White,* 53 NY2d 475, 483, *cert denied sub nom. Guertin Co. v Cachat,* 454 US 1086), judicial decisions are applied retroactively to all cases still in the normal litigating process *(Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 192, *cert denied* 459 US 837). The fact that a decision may represent the first judicial interpretation of a particular statute or other legislative enactment does not, by itself, require prospective application only *(see, Gurnee v Aetna Life & Cas. Co., supra; James v Liberty Lines,* 97 AD2d 749). Here, as the First Department noted in *Mersereau,* a

1963 Opinion of the Attorney-General stated that the fees received by City Marshals constituted compensation within the meaning of Retirement and Social Security Law § 101, a provision similar to New York City Charter § 1117, thereby requiring a suspension of benefits paid under the State Retirement System. Although this opinion did not directly construe the provision in question here, it clearly foreshadowed the holding in *Mersereau* that a City Marshal's fees constitute compensation and precludes the argument that *Mersereau* represents a sharp break in the law.

Since retroactive application is appropriate, the defendants are entitled to recoup payments made prior to 1979. The judgment they seek in their counterclaims must therefore be granted, and the matter is remitted to Special Term for an assessment of damages. Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.