People v Ahsan (2019 NY Slip Op 08571)





People v Ahsan


2019 NY Slip Op 08571


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-01722 
 (Ind. No. 40033/17)

[*1]The People of the State of New York, respondent,
v
Ali Ahsan, appellant.

 


DECISION & ORDER
Motion by the defendant for leave to reargue the defendant's appeal from a judgment of the Supreme Court, Richmond County (Catherine M. DiDominico, J.), rendered December 20, 2017, convicting him of attempted assault in the third degree and harassment in the second degree, after a nonjury trial, and imposing sentence.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the motion is granted, and upon reargument, the decision and order of this Court dated February 13, 2019 (People v Ahsan, 169 AD3d 815), in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:
Segal & Greenberg, LLP, New York, NY (Philip C. Segal of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for 
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Catherine M. DiDominico, J.), rendered December 20, 2017, convicting him of attempted assault in the third degree and harassment in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.
The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish intent to cause physical injury (see Penal Law §§ 110.00, 120.00[1]; CPL 470.05[2]; People v Gray, 86 NY2d 10, 19-20; People v Carrington, 155 AD3d 888, 889). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), the defendant's intent to cause physical injury can be inferred from evidence that the defendant grabbed the complainant's arms with both his hands, squeezed her arms, and "threw [her] back" (see People v Carrington, 155 AD3d at 889; Matter of Eric C., 281 AD2d 543, 544; Matter of Marcel F., 233 AD2d 442, 442-443).
In fulfilling our responsibility to conduct an independent review of the weight of the [*2]evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
However, the defendant, a noncitizen, is entitled to a jury trial under the Sixth Amendment of the United States Constitution because the charged crime of attempted assault in the third degree, a class B misdemeanor, carries a potential penalty of deportation (see People v Suazo, 32 NY3d 491). We note that because People v Suazo was decide after this matter was argued but before it was decided, the change of the law set forth therein therefore applies to the defendant (see Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, 191; Hughes v City of New York, 119 AD2d 631, 632). Accordingly, we reverse the judgment of conviction and grant a new trial.
In light of our determination, the defendant's remaining contention has been rendered academic. 
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court