| |
|---|
| **Matter of Capuano v City of New York** |
| 2024 NY Slip Op 33268(U) |
| September 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155718/2023 |
| Judge: Shahabuddeen Abid Ally |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. SHAHABUDDEEN ABID ALLY**          PART 16M
                      *Justice*

| | |
|---|---|
| In the Matter of the Application of<br><br>RICHARD A. CAPUANO,<br><br>                                        Petitioner,<br><br>For a Judgment Pursuant to Article 78 of the New York<br>Civil Practice Law and Rules,<br><br>                      -against-<br><br>THE CITY OF NEW YORK, CORPORATION COUNSEL<br>OF THE CITY OF NEW YORK, and NEW YORK CITY<br>DEPARTMENT OF INVESTIGATION,<br><br>                                        Respondents, | **INDEX NO.**          155718/2023<br><br>**MOTION DATE**        7/24/2023<br><br>**MOTION SEQ. NO.**        001<br><br><br><br>**DECISION & ORDER** |

> The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 1) to/for **ARTICLE 78 (BODY OR OFFICER)**: 1-15, 28-32, 36

In this Article 78 proceeding, petitioner RICHARD A. CAPUANO ("Petitioner") seeks judicial review of the determination of respondents THE CITY OF NEW YORK (the "City"), CORPORATION COUNSEL OF THE CITY OF NEW YORK (the "Law Department"), and NEW YORK CITY DEPARTMENT OF INVESTIGATION (the "DOI"; and, together with the City and the Law Department, "Respondents") to deny legal representation to Petitioner in the separate plenary action styled *Frank Tedesco v. The City of New York et al.*, Index No. 706013/2022 (N.Y. Sup. Ct. Queens Cty.). For the reasons discussed below, Petitioner's application is **DENIED**, and the Verified Petition is **DISMISSED**.

## I.      BACKGROUND

Petitioner was appointed to the position of City marshal by former Mayor Ed Koch on October 9, 1984. (Capuano Aff. (NYSCEF Doc. 12) ¶ 11) Petitioner was thereafter reappointed to successive terms as marshal, with—at the time of filing of this proceeding—the latest

reappointment occurring on January 17, 2019. (*Id.* ¶¶ 12-17) That term expired on December 20, 2023.[1] (*Id.* ¶ 17)

On or about March 18, 2022, nonparty Frank Tedesco commenced a lawsuit against the City, the DOI, and Petitioner in Queens County Supreme Court under Index No. 706013/2022 (the "Queens Action"). (Verified Pet. (NYSCEF Doc. 1) ¶ 8; *id.* Ex. A (NYSCEF Doc. 3)) On or about April 13, 2022, Mr. Tedesco filed an Amended Complaint in the Queens Action. (*Id.* ¶ 9; *id.* Ex. B (NYSCEF Doc. 4)) In his Amended Complaint, Mr. Tedesco alleges that, on May 6, 2021, at approximately 1:00 a.m., he

> was performing his duties of employment, more specifically, enforcing New York City Scoff Laws, when [he] was shot and struck by a bullet by an unidentified individual while [Petitioner], [Mr. Tedesco's] protector and guard, charged with a specific duty and promise of protection, was not paying attention, sleeping, failing to protect [Mr. Tedesco], and acting negligently and recklessly in the course of his duty [as a Marshal].

(*Id.* Ex. B ¶ 32)

Between November 2022 and May 26, 2023, Petitioner's counsel here and in the Queens Action, Sokoloff Stern LLP, made multiple requests to the Law Department by email, letter, and telephone that the Law Department provide legal representation to Petitioner in the Queens Action on the grounds that Petitioner was appointed by the Mayor and is a City employee. (*Id.* ¶¶ 14-17; *id.* Exs. D-F (NYSCEF Docs. 7-9)) On May 26, 2023, the Law Department responded by declining to provide Petitioner representation, stating that Petitioner is not a City employee but is instead an independent contractor and, as such, is not entitled to representation under General Municipal Law ("GML") § 50-k. (*Id.* ¶ 18; *id.* Ex. G (NYSCEF Doc. 10)) Petitioner subsequently commenced this Article 78 proceeding on June 26, 2023.

## II.   DISCUSSION

In an Article 78 proceeding a court reviews an agency decision to determine whether it violates lawful procedures, is arbitrary or capricious, or is affected by an error of law. CPLR § 7803(3); *Kent v. Lefkowitz*, 27 N.Y.3d 499, 505 (2016); *W. 58th St. Coalition, Inc. v. City of N.Y.*, 188 A.D.3d 1, 8 (1st Dep't 2020). "This review is deferential for it is not the role of the courts to weigh the desirability of any action or choose among alternatives." *Save America's Clocks, Inc. v. City of*

---

[1] Nothing in the record indicates whether Petitioner has since been reappointed to another term.

155718/2023 Richard A. Capuano. v. The City of New York et al.
Mot. Seq. No. 001

Page 2 of 6

[* 2]

*N.Y.*, 33 N.Y.3d 198, 207 (2019) (internal quotation marks omitted). "[E]ven if different conclusions could be reached as a result of conflicting evidence," a reviewing court may not substitute its own judgment for that of the agency making the determination. *Partnership 92 LP v. N.Y.S. Div. of Hous. & Community Renewal*, 46 A.D.3d 425, 429 (1st Dep't 2007). "[T]he courts cannot interfere unless there is no rational basis for the exercise of discretion" or "the action is without sound basis in reason . . . and taken without regard to the facts." *Save America's Clocks*, 33 N.Y.3d at 207 (quoting *Pell v. Bd. of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester Cty.*, 34 N.Y.2d 222, 231 (1974)).

Petitioner argues that Respondents' determination that Petitioner is an independent contractor and thus not entitled to Law Department representation under GML § 50-k is arbitrary and capricious. Under GML § 50-k(2), the City, through the Law Department, must provide City employees with legal representation in any civil action arising from any act or omission that occurred while the employee was acting within the scope of her employment. "Employee," for purposes of the statute, is defined as "any person holding a position by election, appointment or employment in the service of any agency, whether or not compensated, . . . but shall not include an independent contractor." GML § 50-k(1)(e). Petitioner argues that he is a City employee because he was appointed by the Mayor and because the DOI exercises control over Petitioner's performance of his marshal duties through the New York City Marshals Handbook of Regulations (the "Handbook").

The Court cannot agree with Petitioner's position. Contrary to Petitioner's assertions in his reply brief, Petitioner misinterprets the controlling caselaw, not Respondents. The Court of Appeals has already determined that a City marshal is an independent contractor in *In re Unified Court System*, 58 N.Y.2d 876 (1983). There, the Court of Appeals stated expressly held that "[w]e agree that for the reasons stated in the dissenting memorandum of Justice Paul J. Yesawich, Jr., at the Appellate Division, city marshals are independent contractors, not employees." *Id.* at 878. In his dissenting opinion, Justice Yesawich had rejected reliance on language from an earlier decision labeling City marshals as employees of the City as "superfluous" and as "an inept dictum," and instead held that "[i]t seems that city marshals who maintain their own offices, employ their own staff, pay their own expenses, set their own schedules, derive their own income from fees, and over whom the State lacks any control whatsoever respecting the manner in which their work

155718/2023 Richard A. Capuano. v. The City of New York et al.                                    Page 3 of 6
Mot. Seq. No. 001

is to be performed, possess all the classic indicia of independent contractors." *In re Unified Ct. Sys.*, 88 A.D.2d 717, 718 (1982).

Petitioner is certainly correct that the Court of Appeals proceeded to also hold that "city marshals are local not State officers, appointed by the Mayor, not paid by the State, and who, if they could be deemed 'employees' of any governmental body, would, under the Unified Court Budget Act, remain employees of the city, not of the State." *In re Unified Ct. Sys.*, 58 N.Y.2d at 878. But the Court of Appeals's use of the language "*if* they could be deemed 'employees' of any governmental body" indicates that it was merely employing a hypothetical to explain why, even if a City marshal were not an independent contractor, *the State* still could not be required to provide a *City* marshal with unemployment benefits. It was an alternative reason why the Appellate Division majority's holding should be reversed, but the primary reason was because City marshals are not employees at all but are independent contractors. The second, alternative holding does not vitiate the primary holding. Nor does the primary holding distinguish between the City and the State; it provides, without distinction or caveat, that City marshals are independent contractors.

Nor, further, would it make analytical sense, based on the reasons given by Justice Yesawich for determining that a City marshal is an independent contractor, to hold that a City marshal is a City employee. *See Schaer v. City of N.Y.*, No. 09 Civ. 7441(CM)(MHD), 2011 WL 1239836, at *10 (S.D.N.Y. Mar. 25, 2011) ("The Marshals are independent contractors, who maintain their own offices, employ their own staff, pay their own expenses, set their own schedules, and derive their own income from fees." (citing *In re Unified Ct. Sys.*, 58 N.Y.2d 876)).[2] The Handbook, to the extent that it constitutes evidence of control over how a City marshal performs her duties, was issued by the DOI only through authority delegated to it by the Appellate Division for the First and Second Judicial Departments, which jointly maintain ultimate statutory regulatory authority. N.Y.C. Civil Ct. Act § 1609; 22 N.Y.C.R.R. § 635.9 (Administrative Order No. 453). This Court agrees with the court in *Iorio v. City of New York*, 96 Misc. 2d 955, 958-59 (N.Y. Civ. Ct. Bronx Cty.

---

[2] In *Schaer*, the district court did ultimately conclude that a City marshal *could* potentially be an agent of the City or act under the color of state law for purposes of the City's liability under a theory of vicarious liability. *See* 2011 WL 1239836, at *10-12. But that does not make the converse true—*i.e.*, that because a City marshal could be a City agent or act under the color of state law, the City marshal is necessarily a City employee. The district court in fact acknowledged that a City marshal was *not* a City employee. *Id.* at *10.

155718/2023 Richard A. Capuano. v. The City of New York et al.
Mot. Seq. No. 001

Page 4 of 6

4 of 6

[* 4]

1978), that "there is no showing that such a delegation, per se, makes marshals employees of the city."

The Court also rejects Petitioner's argument that he is a covered employee under GML § 50-k(1)(e) even if he is an independent contractor because he was *appointed* to his position by the Mayor. To the contrary, the plain reading of § 50-k(1)(e) entirely excludes independent contractors from qualifying as an "employee" notwithstanding their appointment to the position in question.

Accordingly, the Court cannot conclude that Respondents' decision to deny legal representation to Petitioner in the Queens Action was arbitrary or capricious. Petitioner's Article 78 application must, therefore, be denied.

Accordingly, it is hereby:

**ORDERED and ADJUDGED** that the Verified Petition and Notice of Petition (Seq. No. 1) are **DENIED**, and this proceeding is **DISMISSED**; and it is further

**ORDERED** that Respondents shall serve a copy of this Decision and Order upon Petitioner and upon the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

**ORDERED** that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[3] and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied; and it is further

**ORDERED** that the Clerk shall mark Motion Sequence No. 1 decided in all court records; and it is further

**ORDERED** that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision, order, an d judgment of the Court.

---

[3] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

**155718/2023 Richard A. Capuano. v. The City of New York et al.**
**Mot. Seq. No. 001**

**Page 5 of 6**

[* 5]

**September 18, 2024**

DATE

SHAHABUDDEEN ABID ALLY, A.J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| APPLICATION: | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | | SUBMIT ORDER | | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |